Nichols, Judge,
delivered the opinion of the court:
This simple case could be disposed of by order instead of signed opinion except that it involves the important question of whether plaintiff has a clear-cut legal entitlement to the pay of an office to which he claims he should have been promoted. The case is before us on cross motions for summary judgment and there is no issue as to any relevant fact. We conclude that the promotion remained discretionary and the plaintiff cannot recover. In discussing plaintiff’s contentions to the extent we do, we assume arguendo that our jurisdiction extends that far.
The plaintiff was and is a Postal Clerk, First Class, in the United States Navy, a petty officer grade. From June 16, 1969 to May 7, 1970, he served in Vietnam. By special rule applicable in that theatre, if he met certain qualifications, which he did meet, he could be promoted on recommendation of his commanding officer, without regard to restrictions applicable to those serving elsewhere. This was called a “field *481 advancement.” On February 10, 1970, Ms commanding officer, Captain W. J. Diffley, recommended that be be promoted to Chief Petty Officer, but on March 27, 1970, withdrew the recommendation, assigning as a reason that plaintiff was under investigation for “money manipulation”, i.e., black market activities. Captain Diffley himself had requested this investigation at some unstated date, and plaintiff learned of its pendency before February 10, to wit on February 7, when he sought orders to leave Vietnam. The withdrawal was not made known to plaintiff at the time, and under date of April 10, 1970, plaintiff’s name was published by the Bureau of Naval Personnel among persons “who were authorized advancement to chief petty officer”. Plaintiff had a court-martial commencing on May 2, and on May 9, 1970, he was found not guilty on all charges. Plaintiff had already been ordered transferred to another duty station where “field advancement” was not authorized. Captain Diffley was also transferred out before the investigation was complete. After arriving in the United States plaintiff communicated with him but he declined to recommend reinstatement, believing it would be improper to do so. The next commanding officer in Vietnam did not know the quality of plaintiff’s work and could not be expected to reinstate the nomination. Captain Diffley now says by affidavit that the withdrawal was not predicated solely on the fact plaintiff was facing a court-martial, but was also due to matter that surfaced in the investigation, indicating that plaintiff was not performing his duties quite as well as supposed.
It is undisputed that Captain Diffley could have merely suspended the promotion until the investigation was finished and the outcome was known.
Since plaintiff left Vietnam he has encountered various obstacles to promotion, the propriety of which he does not deny. He says that withdrawal of Captain Diffley’s recommendation without notice to him was a denial of due process and constituted arbitrary and capricious action.
The Chief of Naval Personnel on August 10, 1970, denied plaintiff’s request to be promoted on the Diffley recommendation. The plaintiff has also applied to the Board For Corree *482 tion of Naval Becords, -which denied the application without a hearing, holding that plaintiff had presented insufficient evidence to indicate probable material error or injustice.
Plaintiff is still in active service at his old grade. It will be apparent that the only pecuniary relief we could grant would necessarily require a constructive promotion to plaintiff as of some past date, with back pay based thereon. We have repeatedly refused to interject ourselves into the discretionary military promotion process even if legal error was in some respect committed as to the complaining serviceman. Abruzzo v. United States, 206 Ct. Cl. 131, 513 F. 2d 608 (1975); Yee v. United States, 206 Ct. Cl. 388, 512 F. 2d 1383 (1975); Cooper v. United States, 203 Ct. Cl. 300 (1973); Clinton v. United States, 191 Ct. Cl. 604, 423 F. 2d 1367 (1970). While normally we will not award a person pay above the pay of the position he actually occupies we do so if he shows a clearcut legal entitlement to the pay of a higher grade. Selman v. United States, 204 Ct. Cl. 675, 684, 498 F. 2d 1354, 1358 (1974). The question is, therefore, whether plaintiff had a clearcut legal entitlement to pay of the grade above the one he was in, from the time his commanding officer recommended his promotion, other qualification requirements having been satisfied previously.
The answer is clearly no. We believe that in the absence of any contrary requirement, a power such as Captain Diffley had, to recommend a promotion, implies a power to withdraw the recommendation at any time before it is acted on. D’Arco v. United States, 194 Ct. Cl. 811, 441 F. 2d 1173 (1971). The April 10, notice by the Bureau of Naval Personnel does not say the promotions of the persons listed are in effect. Bather it calls on commanding officers to advise the Bureau if any of the persons named are ineligible. Plaintiff’s promotion therefore remained discretionary until the recommendation was acted on, which it never was.
Answers to the other issues fall readily into place after this. The plaintiff says Captain Diffley was arbitrary and capricious in withdrawing his recommendation when he could have merely suspended the promotion, pending the results of investigation. His own imminent departure from *483 Vietnam furnished a rational reason why he would not wish to leave his promotion recommendation hanging in the air. As he says himself, the first fruits of the investigation threw new light on the plaintiff’s job performance. The acquittal does not require the court to pretend that the investigation was never made, if used only for different purposes than prosecution or other adverse action of a punitive kind.
Defendant admits the absence of notice of withdrawal was procedural error, as plaintiff should have been shown the withdrawal and required to sign it as his admission of notice. Defendant says the error was not prejudicial. We note plaintiff knew he was under investigation. He had orders to another duty station the whole time it was under way, and he was held in Vietnam solely because of it. He hardly could have expected to be promoted until the matter was resolved. In the circumstance, the prejudice is speculative at most and the error insufficient to nullify the withdrawal itself, but if it were nullified, we would still have a recommendation never acted on so as to convert it into a legal right.
Nor do we think plaintiff shows enough to establish that the Board refusal to hear his case was arbitrary or capricious. The chance for a “field advancement” was fleeting at best, and the loss of it without the enlisted man’s own fault may well have been too common to rectify through Correction Board procedures which manifestly are intended for more aggravated instances of error or injustice. The Board could have held that the loss of the promotion though not “error” in the legal sense, was “injustice”. We have held, as in Skaradowski v. United States, 200 Ct. Cl. 488, 471 F. 2d 627 (1973), that some injustices are so flagrant as to demand relief even in the absence of legal error, so that the refusal of it is arbitrary and capricious. The Board, within reasonable limits, enjoys discretion not subject to second guessing by us, as to what “injustices” are grave enough to call for action by it. Cooper, supra. Here it has not abused that discretion, in our view.
Accordingly the plaintiff’s motion for summary judgment is denied, the defendant’s motion for summary judgment is granted, and the petition is dismissed.