**Lt. Col. Joseph B. BERGEN**

v.

**The UNITED STATES.**

No. 356–74.

United States Court of Claims.

April 20, 1977.

Certiorari Denied Nov. 7, 1977.
See 98 S.Ct. 428.

Joseph B. Bergen, pro se. Jack E. Miller, Savannah, Ga., of counsel.

John W. Showalter, Washington, D. C., with whom was Asst. Atty. Gen. Rex E. Lee, Washington, D. C., for defendant.

Before SKELTON, KASHIWA and KUNZIG, Judges.

## ON PLAINTIFF'S AND DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT

KUNZIG, Judge.

This military pay case comes before the court on crossmotions for summary judgment. Plaintiff (a former Air Force Reserve Lieutenant Colonel retired from the Judge Advocate General's Department) argues that the Air Force Board for the Correction of Military Records (AFBCMR) improperly denied his claim that he was entitled to an "automatic" out of sequence promotion to Lieutenant Colonel. Defendant contends that the AFBCMR acted neither arbitrarily nor capriciously nor against the substantial weight of the evidence in refusing to grant plaintiff's application and should, therefore, be affirmed.

Plaintiff's claim must fail. Although the decision is not an easy one, and was reached only after supplemental briefing was requested from both parties, no other result is possible. Plaintiff has not shown that he meets the governing requirements set forth in Air Force Manual (AFM) 35–3, Chapter 23 [1] (hereinafter Chapter 23) for an out of sequence promotion to fill a "unit and mobilization augmentation grade vacancy."

1. Prior to June 25, 1969, "Promotion to USAFR to Fill Unit and Mobilization Augmentation Grade Vacancies" was found at AFM 35–3, Chapters 60–62. The regulations were amended effective June 25, 1969. As no difference (material to this case) is found between the pre- and post-June 25, 1969 regulations, all references will be to the post-June 25, 1969 version.

Plaintiff is seeking to have his promotion to Lieutenant Colonel moved from April 4, 1970 to some time prior to July 1, 1969. Unless plaintiff was promoted to Lieutenant Colonel before July 1, 1969, he could not be considered (and possibly promoted) by a Colonel Selection Board which met on July 10, 1972, due to plaintiff's insufficient time in rank as Lieutenant Colonel. 10 U.S.C. § 8363(a) (1970); AFM 35–3, Ch. 21–3(c). The promotion to Colonel in July 1972 was crucial for plaintiff, for unless promoted by September 1972, he became subject to automatic retirement under 10 U.S.C. § 8848 (1970) (28 years of service without selection for rank of Colonel). Plaintiff was in fact automatically retired for this reason.

Basically, plaintiff claims that but for the delay in notifying him of his placement on a recommended list for promotion to Lieutenant Colonel, he would have been promoted to Lieutenant Colonel before July 1, 1969, thus avoiding his ultimate automatic retirement for failure to make full Colonel within the requisite time period. Plaintiff relies principally on 10 U.S.C. § 8366(d) (1970), and supporting affidavits of persons involved in the promotion process. The Government, too, relies on 10 U.S.C. § 8366(d) (1970), but asserts that the application of this section can only be determined through an examination of its implementing regulations found in the Air Force Manual, Chapter 23. Plaintiff, in reply, argues that Chapter 23 does not apply to him, but that if it does, he has met its requirements.

We conclude that the dispositive issue in this case is whether plaintiff met the requirements of Chapter 23 for an "automatic," out of sequence promotion so that he should have been promoted prior to July 1, 1969.[2] We reach this conclusion for two reasons. First, the language of 10 U.S.C. § 8366(d) (1970), on which plaintiff relies, is not self-executing;[3] it is effectuated only by its implementing regulations (inartfully drawn though they may be). Second, plaintiff's affiants, while perhaps evidencing views somewhat divergent from the regulations, do not control the regulations, but are governed by them.

Chapter 23 delineates two methods by which plaintiff could achieve an "automatic," out of sequence promotion. Although plaintiff argues only the first, in fairness to this *pro se* plaintiff, we shall analyze each method in turn.

To qualify for promotion under method A, plaintiff must meet three requirements at issue here:

(1) His name must be on a recommended list for promotion to Lieutenant Colonel;

(2) He must be filling the vacancy slotted for the higher rank; and

(3) He must also be recommended for promotion to Lieutenant Colonel by the commander of the unit having the vacancy.

> An officer whose reserve grade is . . . major and whose name is on a recommended list *may* be promoted at any time to fill a vacancy . . . (emphasis supplied)

Plaintiff argues that, in this section, "may" equals "shall" with the result that any Major on a recommended list who is filling a vacancy is, without more, to be "automatically" promoted. Not only does such a reading do violence to the plain meaning of the section, *Selman v. United States,* 498 F.2d 1354, 1356, 204 Ct.Cl. 675, 680 (1974), but it also would destroy an orderly promotion process. Contrary to plaintiff's position, when something "may" be done, it invites regulations to fill out the conditions by which the act is to be done. "May," unlike "shall," is not a word of command, but of permission.

**2.** As discussed *supra,* July 1, 1969 is plaintiff's "magic day." Unless the court finds he should have been promoted to Lieutenant Colonel before this day, his further claim for promotion to Colonel (assuming the court would order promotion, *but see Doggett v. United States,* 207 Ct.Cl. 478, 482 (1975)) fails, as plaintiff would not have spent three years as a Lieutenant Colonel prior to the Colonel Selection Board's July 1, 1972 cut-off date. 10 U.S.C. § 8363(a) (1970); AFM 35–3, Ch. 21–3(c). Because July 1, 1969 is plaintiff's "magic day," it is not necessary to discuss plaintiff's possible promotion to Lieutenant Colonel on any date subsequent to June 30, 1969. (April 4, 1970 was the actual date of plaintiff's promotion to Lieutenant Colonel.)

**3.** 10 U.S.C. § 8366(d) (1970) states, in pertinent part:

All of these requirements must be met at least *thirty days* prior to the meeting of the appropriate selection board. If all the requirements are satisfied prior to the thirty-day cut-off date, then the officer is "automatically" promoted without having to go before the selection board, and the selection is effective one day before those of officers promoted by the selection board. AFM 35–3, Ch. 23–7(b).

Applying the facts of the instant case to the requirements of method A, we find that plaintiff satisfied the conditions, *but not by the cut-off date.* In plaintiff's case, the cut-off date was May 20, 1969, thirty days before the meeting date of the June 19, 1969 selection board.[4] Promotions made by the June 19 selection board were effective June 30, 1969. Plaintiff, if he had satisfied the necessary requirements by May 20, would have been promoted effective one day earlier, or June 29, 1969. AFM 35–3, Ch. 23–7(b).

Examining the three requirements in reverse order, the facts show that plaintiff was not recommended for promotion by the commander of the unit having the vacancy until December 1969. Even though the unit commander stated by affidavit that he would have recommended plaintiff in June 1969, a recommendation in June would still not salvage plaintiff's case. Under no construction of the facts could plaintiff have been recommended by May 20, 1969.

Turning to the second requirement, the facts again illustrate that plaintiff was too late. He did not fill a vacancy slotted for a Lieutenant Colonel until August 5, 1969. The fact that the position was available in June and that plaintiff might have received assignment to it in June does not change our result. Nothing in the record shows that the vacancy was available in May, or, even if it was, that plaintiff would have known about it or would have been assigned to it by May 20.

The first requirement is that plaintiff had to be on a recommended list for promo-

tion to Lieutenant Colonel by the May 20, 1969 cut-off date. Whether plaintiff met this requirement gives us some difficulty. Plaintiff was placed on a recommended list on February 3, 1969. However, this list, which contained instructions for notification of the named officers, was not released until June 2, 1969. It appears then that the operative date plaintiff was placed on the recommended list was June 2. At any time from February 3 to June 2, plaintiff's name possibly could have been removed by the Secretary of the Air Force.

We note that plaintiff did not meet either the second or third requirements by the proper date. This alone defeats plaintiff's claim for promotion. It is, therefore, unnecessary for us fully to analyze the first requirement—whether plaintiff was on the recommended list by the cut-off date. We hold plaintiff failed timely to meet requirements (2) and (3). Taking into consideration the incomplete briefing on requirement (1), we decline to reach it.

At this juncture, then, we have seen that plaintiff was three and six months late in satisfying necessary requirements of method A to reach "automatic" promotion. Although plaintiff fails to argue the second possible method (method B), we nevertheless now examine the requirements to see if, by any possible interpretation, plaintiff somehow qualifies.

This alternative method states three pertinent requirements that must be met by the May 20, 1969 cut-off date:

(1) Plaintiff's name must be on a recommended list for promotion to Lieutenant Colonel;

(2) If not occupying the vacancy slotted for the higher rank, he must either be

"assigned to the same Reserve section as the unit having the vacancy. (If the vacancy is in a unit, the officer must be assigned to that organization. If a mobilization augmenta-

---

**4.** The Government suggests that May 19 is the thirty-day cut-off date. Our calculation indicates May 20. However, the difference between defendant's date and our own is not material. As defendant does not explain its method of calculation, we use our own.

tion position vacancy . . . exists, he must be assigned to the MAJCOM having the vacancy);" or "[a]n officer whose application for assignment to a unit having the vacancy has been approved but whose assignment has not yet been effected." AFM Chapter 23–2(a)(2) & (3).

(3) He must have been recommended for promotion to Lieutenant Colonel and to the slot by the commander of the unit having the vacancy.

The requirements are slightly different from those discussed in method A, *supra.* Yet plaintiff fails to meet the these requirements for "automatic" promotion for the same reason he failed to meet the requirements of method A: He was too late. He met neither the second nor the third requirement by May 20, 1969. He was assigned to the unit having the Lieutenant Colonel vacancy at the same time that he was assigned to the vacancy itself—August 1969, almost three months after the cut-off date. He was not recommended for promotion to Lieutenant Colonel until December 1969, some six months after May 20, 1969.

Plaintiff, however, argues that but for the delay from June 2, 1969 to July 7, 1969 in his being notified that he was on the recommended list, he "would have met the requirements for 'automatic' promotion." This argument lacks viability. That plaintiff could somehow satisfy two requirements by May 20, 1969 when, by his own admission, he had no reason to try to meet these requirements until after June 2, 1969 (three weeks subsequent to May 20, 1969), illustrates the lack of merit in plaintiff's claim. We are left with a piling of inference upon inference, devoid of factual support. Even if this court were in the promo-

tion business, which it has repeatedly said it is not,[5] we would be hard-pressed to find a solid link in plaintiff's chain of "ifs."[6] One clear fact remains: He did not meet the appropriate requirements in time.

Simply put, plaintiff has not shown that the AFBCMR, in denying his application for change in the date of his promotion to Lieutenant Colonel, acted arbitrarily, capriciously, or against the substantial weight of the evidence. *Compare Doggett v. United States,* 207 Ct.Cl. 478, 483 (1975); *with Yee v. United States,* 512 F.2d 1383, 1387, 206 Ct.Cl. 388, 397 (1975); *Skaradowski v. United States,* 471 F.2d 627, 200 Ct.Cl. 488 (1973); *Duhon v. United States,* 461 F.2d 1278, 198 Ct.Cl. 564 (1972).

In summary, in order for plaintiff to qualify for so-called "automatic" promotion, he had to meet the requirements of Chapter 23. Even with a pyramiding of inference upon inference which sorely taxes the imagination, he failed.

Accordingly, upon consideration of the briefs (original and supplemental) and record, and after hearing oral argument, plaintiff's motion for summary judgment is denied, defendant's motion for summary judgment is granted, and the petition is dismissed.

---

**5.** *See, e.g., Yee v. United States,* 512 F.2d 1383, 1388, 206 Ct.Cl. 388, 399 (1975); *Brenner v. United States,* 202 Ct.Cl. 678 (1973), *cert. denied,* 419 U.S. 831, 95 S.Ct. 54, 42 L.Ed.2d 56 (1974).

**6.** We note that even if plaintiff had been promoted to Lieutenant Colonel in time to be considered by the July 1972 Colonel Selection Board, we have no way of knowing (and, we might add, neither does plaintiff) if plaintiff would have been placed on the recommended for promotion list by the board and thereby spared automatic retirement.