This military pay case comes before the court on cross motions for summary judgment. Plaintiff was serving in the rank of lieutenant commander in the United States Navy when he voluntarily retired on April 1, 1977, pursuant to 10 U.S.C. § 6323 (1976). He argues that he should have been promoted in April 1971 to the rank of commander and that his failure of promotion was caused by the presence of certain improper information in his personnel record. He asks this court to grant him judgment for the difference in pay between a lieutenant commander and a commander from April 1971 through May 1977 and retirement benefits commensurate with the rank of commander from June 1977. Upon consideration of the submissions of the parties, but without oral argument, we conclude that there are no material issues of fact in dispute and hold for the Government.
In 1959 plaintiffs commanding officer issued to him a formal Letter of Caution which was placed in his personnel record. The Letter attributed the loss of two registered cryptographic documents to plaintiffs failure to properly perform his duties. At the time the Letter was issued, plaintiff was serving as a lieutenant (junior grade). Subsequently, plaintiff was promoted to the rank of lieutenant, and after one passover to the rank of lieutenant commander. Plaintiff was passed over for promotion to commander by the five selection boards for fiscal years 1972 through 1976.
In March 1976 plaintiff applied to the Board for Correction of Naval Records (Correction Board) requesting that the Letter of Caution and all references to it be removed from his record and that he be retroactively promoted to the rank of commander. The Correction Board found that the presence of the Letter of Caution in plaintiffs record was an injustice and ordered the letter and any reference to it removed from his record. The Correction Board also found that the removal of this material would not improve plaintiffs record to the extent warranting promotion.
Plaintiff asserts that the Correction Board was arbitrary and capricious in refusing to promote him. Since plaintiff *861 voluntarily retired and was not discharged due to pass-overs, the basis of his claim for relief in this court cannot be that he was unlawfully separated. The monetary relief plaintiff seeks is dependent on the determination that he should have been promoted in 1971.
This court has refused to interject itself into the military promotion process when the exercise of discretion is involved. See Borgford v. United States, 208 Ct. Cl. 1040 (1976); Doggett v. United States, 207 Ct. Cl. 478 (1975); Abruzzo v. United States, 206 Ct. Cl. 731, 513 F. 2d 608 (1975). We will not award a person pay above that of the position he actually occupies absent a showing of clear legal entitlement to the pay of the higher grade. Doggett at 482; Selman v. United States, 204 Ct. Cl. 675, 498 F. 2d 1354 (1974).
Plaintiff has presented nothing which would indicate that he had a clear legal entitlement to the promotion he sought from the Correction Board, and he cannot establish such an entitlement by the mere allegation that the Correction Board was arbitrary and capricious in refusing to promote him. See Borgford at 1042. Absent this showing of clear legal entitlement to a promotion, plaintiffs claim must fail.
Accordingly, it is ordered that defendant’s motion for summary judgment is granted and plaintiffs cross motion for summary judgment is denied. The petition is dismissed.
Plaintiffs motion for rehearing was denied November 21, 1979.