This case comes before the court on plaintiffs motion requesting the court to adopt the recommended decision of Trial Judge Francis C. Browne, filed April 30, 1979, as the basis for judgment in this case. The trial judge recommends that plaintiffs case be remanded to the Air Force Board for Correction of Military Records (Correction Board). Defendant has not raised any objection to the proposed remand.
Plaintiff alleges that his separation from the Air Force was unlawful, and seeks back pay, reinstatement, and promotion. Part of plaintiffs claim was presented to and rejected by the Correction Board, but other issues, particularly in regard to plaintiffs challenge to his Officer Effectiveness Report (OER) for the period ending December 1974, were never considered by the Board. Application to the Correction Board is not a mandatory remedy. See Mathis v. United States, 183 Ct.Cl. 145, 391 F. 2d 938 (1968). In this case, however, plaintiff invoked the Cor *899 rection Board’s jurisdiction, but failed to provide the Board with the information necessary to allow it to fairly evaluate his entire claim. Plaintiff seeks a promotion, which is clearly within the power of the Correction Board to grant, but which we have generally refused to consider. See, e.g., Borgford v. United States, 208 Ct.Cl. 1040 (1976); Doggett v. United States, 207 Ct.Cl. 478 (1975). We conclude, as the findings and opinion of Trial Judge Browne make clear,[1] that a remand is appropriate in light of the facts presented in this case. We believe that the plaintiff should have the opportunity to present all the evidence relevant to his claim to the Correction Board so that he might receive the benefit of the Board’s expert judgment. See Doyle v. United States, 220 Ct. Cl. 285, 311, 599 F. 2d 984, 1000 (1979), cert. denied, 446 U.S. 982 (1980); Sanders v. United States, 219 Ct.Cl. 285, 298, 594 F. 2d 804, 811 (1979).
Accordingly, it is ordered, that proceedings in this case are suspended for a period of 90 days from the date of this order, and the case is remanded to the Air Force Board for Correction of Military Records for consideration. Counsel for plaintiff is directed to inform the court at intervals of 90 days from the date of this order as to the actions taken by the Air Force and to indicate whether plaintiff intends to pursue his claim in this court.

 Since both parties appear to agree that a remand to the Correction Board is appropriate, the court does not find it necessary to adopt the findings and opinion of the trial judge at this juncture in the proceedings.