Contracts; Small Business Administration; binding effect of promise to issue certificate of competency.— On March 28, 1980 the court entered the following order:
Before Nichols, Judge, Presiding, Kashiwa and Smith, Judges.
Plaintiff Empresas Electrónicas Walser, Inc (EEW) and others brought this action originally as a counterclaim to a suit by the United States in the U. S. District Court for the District of Puerto Rico. The other plaintiffs are Robert J. Walser and Georgia M. Walser, owners of the corporation. The U. S. District Judge severed it and transferred it here under 28 U.S.C. § 1406, because he identified it as a claim under the Tucker Act, 28 U.S.C. § 1346, of which we have exclusive jurisdiction, as it sounds primarily in contract and the amount at issue is over $10,000. There are, however, some allegations that seem to sound in tort and we must fashion our disposition of the case in light of the fact that we do not have jurisdiction of tort claims. Defendant has a counterclaim. The case is before us on defendant’s motion for summary judgment.
*687 The threshold question is whether the Small Business Administration (SBA) bound the United States by contract, express or implied, to award the plaintiff corporation a Certificate of Competency (COC) which would have qualified the corporation to receive award of an Army contract. It had bid lowest under both Navy and Army invitations and the Defense Contract Administration (DCASO) had recommended rejection of both bids after preaward survey. For purposes of the motion, we take the facts as plaintiffs state them. EEW was persuaded by SBA to withdraw from the Navy contract and to pursue one COC only for the Army contract. There was also already an Air Force contract with a $76,000 SBA loan, supported by an earlier COC. Plaintiffs allege that loss of both the Army and Navy awards prevented repayment of the loan, for which profit under those contracts was needed, and that it had acquired a large plant and incurred other expenses in anticipation of the increased business which never came through. Also, the plaintiff owners personally guaranteed the loan on the Air Force contract in consideration of the Army contract being promised to EEW on top of the Air Force contract already awarded. Plaintiffs say that the Regional Director, Carlos A. Villamil, made unconditional statements to "plaintiff’ (presumably one of the individual plaintiffs) that plaintiff had a contract, and this was "ratified” on many occasions by other SBA representatives.
Plaintiff repeatedly refers us to its answers to interrogatories in the District Court for full details. There Mr. and Mrs. Walswer swore that Mr. Walser had a meeting October 1, 1970, at SBA San Juan, with various named officials of SBA at which they promised that if EEW withdrew its application for the Navy COC and award, "SBA would award the Army contract,” meaning presumably, it would issue the COC which was all that remained necessary for EEW to obtain the Army contract. They do not allege that Regional Director Carlos A. Villamil, who alone had authority to sign COC’s in that region, was present at this meeting. But they say that "every SBA official continually confirmed that EEW would get the contract.” In July, shortly before the ultimate rejection, Carlos Villamil stated "that there was no problem, SBA *688 was only awaiting the official rejection form from the Army and that the COC would then be issued to EEW.” It appears the Army had to reject the bidder as unqualified before SBA had a right to interpose its COC, which was, when issued, conclusive.
Defendant responds, citing Tree Farm Development Corp. v. United States, 218 Ct. Cl. 506, 585 F.2d 493 (1978); Russell Corp. v. United States, 210 Ct. Cl. 596, 537 F.2d 474 (1976), cert. denied, 429 U.S. 1073 (1977); Cutler-Hammer, Inc. v. United States, 194 Ct. Cl. 788, 441 F.2d 1179 (1971), that an agency does not become bound to favorable action on an application until the previous steps have been taken that its procedure requires. Until then there is no intent to be bound. We agree with defendant. Thus oral assurances do not reflect such intent even if they emanate from the very person having authority, at the proper time, to sign the COC. Here the procedures required approval by a Certificate of Competence review committee. The committee disapproved the application. Thereafter, Mr. Villamil notified the plaintiff company, in writing, that the COC would not be issued. Such recorded proceedings are inconsistent with an intent to be bound. If Mr. Villamil really told plaintiff it had a COC he exceeded his authority and defendant can disavow his words. Federal Crop. Ins. Corp. v. Merrill, 332 U.S. 380 (1947). We would say that a COC resembles promotion of an officer in the military: as a general proposition, with a few exceptions, not here applicable, no one is legally entitled to it until he gets it. Doggett v. United States, 207 Ct. Cl. 478 (1975). The minutes of the Review Committee show that it had before it information that plaintiff had not responded to a "show cause” letter under the Air Force contract, and that its balance sheet showed a negative net worth. Plaintiffs could have expected no other decision.
Defendant asserts it is not bound because 31 U.S.C. § 200 requires that the instrument to bind it be in writing, that plaintiffs claim mere consequential damages, and that the claim sounds in tort. Our decision on the threshold question moots these issues.
Accordingly, on consideration of the pleadings, the motion, the briefs, the record, and the oral argument of the *689 parties, the defendant’s motion for summary judgment is sustained. Plaintiff admits, if this is our conclusion, that it has no other defense against defendant’s counterclaim, which is for reprocurement costs under the Air Force contract and, accordingly, judgment is entered for defendant on the counterclaim in the amount of $21,986.92. The petition is dismissed. Our decision is without prejudice to any tort claim plaintiff may assert against anyone in any other tribunal, but we think justice does not require retransfer of such claims, since all are presented as dependent on the contract claim.
Plaintiffs motion for rehearing to alter judgment was denied May 30, 1980. Plaintiffs petition for certiorari was denied 449 U.S. 953 (1980).