Maurice **BRAHMS**, Plaintiff,

v.

The **UNITED STATES**, Defendant.

No. 406–88 T.

United States Claims Court.

Oct. 27, 1989.

---

Maurice Brahms, New York City, pro se.

G. Robson Stewart, Washington, D.C., with whom was Asst. Atty. Gen. Shirley D. Peterson, for defendant.

## OPINION

RADER, Judge.

During a 1980 tax investigation, Internal Revenue Service (IRS) agents seized tax records belonging to plaintiff, Maurice Brahms. While serving two years in prison for tax evasion during 1981 and 1982, plaintiff did not file tax returns.

Upon release from prison, plaintiff endeavored to file tax returns for 1981 and 1982. Plaintiff alleges that he could not file for those years until the IRS returned the tax records seized in 1980. According to plaintiff, IRS misplaced his first request for return of the records and did not respond to later requests.

In 1986, without return of the seized records, plaintiff nevertheless filed tax returns for 1981 and 1982. He claimed a $13,773.00 credit on his 1982 return because of an alleged overpayment of 1981 taxes. IRS disallowed this credit because plaintiff had not filed his 1981 return in a timely manner. Consequently, on January 5, 1987, IRS sent plaintiff a notice of underpayment for the 1982 tax period, plus interest. On February 26, 1987, plaintiff paid the $13,773.00, plus accrued interest. Plaintiff unsuccessfully appealed to IRS for an abatement of the interest.

Plaintiff instituted this action in the United States Claims Court under 28 U.S.C. § 1491(a) (1982) to recover the accrued interest ($8,039.88) and disallowed credit for overpayment of taxes ($13,773.00). Plaintiff alleges that IRS contributed to the overpayment by failing to respond to his requests for return of the seized records.

Defendant moves to dismiss pursuant to RUSCC 12(b)(1)[1] and 12(b)(4).[2] Defendant contends that this court lacks jurisdiction

---

1. RUSCC 12(b)(1) authorizes this court to dismiss an action that raises issues or claims that are not within the court's authority to resolve.

2. RUSCC 12(b)(4) authorizes this court to dismiss a complaint if the allegations contained therein do not state a claim upon which this court can grant relief. Unlike a motion made under RUSCC 12(b)(1), a motion to dismiss for failure to state a claim goes to the merits of plaintiff's case. Consequently, a motion to dismiss under RUSCC 12(b)(4) should not be decided until the court resolves jurisdictional issues.

to consider plaintiff's claim for interest because IRS's decision to deny an abatement of interest under 26 U.S.C. § 6404(e)(1) (Supp. V 1987) is not subject to judicial review. Finally, in response to plaintiff's claim for repayment of the $13,773.00 under 28 U.S.C. § 1346(a)(1) (1982), defendant contends that this court lacks jurisdiction because plaintiff did not file a claim with IRS before seeking a refund in a federal court.

This court determines that it must dismiss plaintiff's claims for abatement of interest as well as for refund of the principal. First, IRS's refusal to abate interest is not subject to judicial review. Second, no court possesses jurisdiction to review plaintiff's claim for repayment of taxes because plaintiff did not first file a claim with IRS.

## FACTS

On or about August 14, 1980, IRS agents searched plaintiff's home and seized files pertaining to a sub-chapter "S" corporation in which plaintiff served as president. After a grand jury investigation, plaintiff pled guilty to tax evasion and served a prison sentence from January 5, 1981 through January 19, 1983. Plaintiff did not file tax returns for the years he remained in prison.

After his release from prison, plaintiff retained Alan Schachter, a certified public accountant, to file tax returns for 1981 and 1982. Mr. Schachter wanted to use the seized 1977–1979 tax returns during preparation of plaintiff's 1981 and 1982 returns. Thus, on or about November 18, 1983, plaintiff and his accountant requested IRS to supply copies of these returns. Plaintiff submitted Form 2848–D, which authorized Mr. Schachter to receive this tax information about plaintiff from IRS.

According to plaintiff, IRS misplaced the November 18 request for tax records. Mr. Schachter submitted a second request for tax records on March 2, 1984 and enclosed a check for $15.00 pursuant to IRS instructions.

On or about March 29, 1984, IRS acknowledged receipt of Mr. Schachter's request for plaintiff's tax returns, but denied

receipt of the authorization from plaintiff for release of these records:

> To send you a copy of another person's return, we need a completed Form 2848 or other properly written power of attorney or tax information authorization. A Form 2848 is enclosed.

Mr. Schachter complied with this demand.

On May 29, 1984, after receiving no further response from IRS, Mr. Schachter's associate, Mr. Richard N. Schwach, sent a letter to the Problem Resolution Office of IRS in New York. Mr. Schwach advised IRS:

> Form 2848–D was initially sent to your office on November 21, 1983 by the taxpayer. This Tax Information Authorization and Declaration was overlooked by your office requiring the submission of a duplicate on March 31, 1984, as enclosed.

Mr. Schwach also enclosed copies of the earlier request for tax records, the Form 2848–D submitted on November 18, 1983, and the cancelled check that accompanied the request for plaintiff's records. Mr. Schachter made several telephone calls to the Problem Resolution Office without any progress. Finally, after consulting with plaintiff, Mr. Schachter submitted a new request for tax records and enclosed another check. Plaintiff alleges that he never received the seized records. Transcript of Proceedings, No. 406–88T, filed Oct. 10, 1989, at 23–25 (Tr.).

By mid–1986, plaintiff filed tax returns for 1981 and 1982. Plaintiff determined that he made an overpayment for the 1981 tax year. Plaintiff therefore applied a credit to his return for the 1982 tax year. This credit reduced his 1982 tax liability by over $13,000.00.

On or about January 5, 1987, IRS disallowed this credit. IRS cited the late filing of plaintiff's 1981 tax return as reason for the denial. On February 26, 1987, plaintiff sent a check to IRS for $28,452.02. This amount satisfied plaintiff's total unpaid tax on his 1982 return, including $8,039.88 in interest. Plaintiff unsuccessfully appealed to IRS under 26 U.S.C. § 6404(e) for abatement of the interest. In the Claims Court,

plaintiff seeks to recover the accrued interest ($8,039.88) and the disputed credit for 1981 overpayment ($13,773.00).

Defendant moves to dismiss these claims pursuant to RUSCC 12(b)(1) and 12(b)(4). Defendant contends that plaintiff's interest claim is not subject to judicial review. Defendant also contends that plaintiff failed to show jurisdiction in any court for his refund claim.

## DISCUSSION

When evaluating motions to dismiss—either for lack of subject matter jurisdiction or for failure to state a claim upon which relief can be granted—this court must accept the allegations made by plaintiff as true. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974) (subject matter jurisdiction); *Featheringill v. United States*, 217 Ct.Cl. 24, 26 (1978) (failure to state a claim).

### *Jurisdiction*

■ The Tucker Act defines important jurisdiction for the Claims Court:

The United States Claims Court shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1) (1982). The Tucker Act does not independently create any substantive right to recover money damages from the United States. *United States v. Testan*, 424 U.S. 392, 398, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976). Rather, the Act provides judicial enforcement of substantive rights embodied in the Constitution, federal statutes, regulations of executive departments, or contracts. *United States v. Mitchell*, 463 U.S. 206, 216–17, 103 S.Ct. 2961, 2967–68, 77 L.Ed.2d 580 (1982); *United States v. Connolly*, 716 F.2d 882, 885 (Fed.Cir.1983), *cert. denied*, 465 U.S. 1065, 104 S.Ct. 1414, 79 L.Ed.2d 740 (1984).

■ Not every claim arising under the Constitution, statutes, or regulatory laws of the United States, however, satisfies the jurisdictional requirements of the Tucker Act. *Mitchell*, 463 U.S. at 216, 103 S.Ct. at 2967–68. The constitutional, statutory or regulatory provision must provide for damages or mandate the payment of money. *Eastport Steamship Corp. v. United States*, 178 Ct.Cl. 599, 605–07, 372 F.2d 1002, 1007–09 (1967). Even if a plaintiff claims money damages, however, the Claims Court will honor Congress's express intent to vest decision-making authority exclusively in the executive branch. *South Puerto Rico Sugar Co. Trading Corp. v. United States*, 167 Ct.Cl. 236, 244, 334 F.2d 622, 626 (1964).

Plaintiff seeks a refund of interest under 26 U.S.C. § 6404(e)(1) (Supp. V 1987) (1982):

*(e) Assessments of interest attributable to errors and delays by internal revenue service.—*

*(1) In general.*—In the case of any assessment of interest on—

*(A)* any deficiency attributable in whole or in part to any error or delay by an officer or employee of the Internal Revenue Service (acting in his official capacity) in performing a ministerial act, or

*(B)* any payment of any tax described in section 6212(a) to the extent that any error or delay in such payment is attributable to such an officer or employee being erroneous or dilatory in performing a ministerial act,

the Secretary may abate the assessment of all or any part of such interest for any period.

In its response to defendant's motion, plaintiff seeks a refund under 28 U.S.C. § 1346(a)(1) (1982) as well:

(a) the district courts shall have original jurisdiction, concurrent with the United States Claims Court, of:

(1) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any

sum alleged to have been excessive or in any manner wrongfully collected under the internal revenue laws....

Defendant contends that this court lacks subject matter jurisdiction to award relief under the statutory provisions invoked by plaintiff. Therefore, this court must decide whether 26 U.S.C. § 6404(e) permits judicial review of IRS's interest abatement decisions, and whether 28 U.S.C. § 1346(a)(1) permits judicial review of plaintiff's refund claim.

### 26 U.S.C. § 6404(e): Abatement of Interest

Section 6404(e) of Title 26 permits a taxpayer to request an abatement of interest from IRS when the interest assessment is attributable to IRS error or delay. In the case at bar, IRS denied plaintiff's request for an abatement. Plaintiff asks the Claims Court to review the IRS denial.

█ The Administrative Procedure Act (APA) provides the framework for determining when a court may review an agency's decision. 5 U.S.C. §§ 701–706 (1982). The APA does not provide a basis for jurisdiction. Rather, courts look to the APA to determine whether Congress intended to preclude judicial review of the agency action at issue. The Court of Claims clarified:

The Administrative Procedure Act is not a jurisdictional statute but merely outlines procedures for judicial review of administrative action....

*McGrath v. United States*, 207 Ct.Cl. 978, 978, 521 F.2d 1406 (1975) (Order). Within the meaning of the APA, the Department of the Treasury and IRS are agencies. 5 U.S.C. § 701(b)(1) (1982); *see also*, 1 K. DAVIS, ADMINISTRATIVE LAW TREATISE § 1.2 (2D ED.1978).

The APA's "Right of Review" provision establishes a presumption that courts may review agency decisions:

A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof.

5 U.S.C. § 702 (1982); *e.g., Abbott Laboratories v. Gardner*, 387 U.S. 136, 140, 87 S.Ct. 1507, 1510–11, 18 L.Ed.2d 681 (1967). The APA places two limitations on this presumption. First, the presumption does not apply when "statutes preclude review." 5 U.S.C. § 701(a)(1). A party can successfully invoke this limitation by clearly and convincingly showing that Congress intended to preclude review in a particular statute. *Abbott*, 387 U.S. at 140–41, 87 S.Ct. at 1510–12.

█ Second, even if Congress did not clearly and convincingly evince an intent to preclude judicial review of agency action, the presumption of reviewability does not operate when "agency action is committed to agency discretion." 5 U.S.C. § 701(a)(2). This limitation on the presumption applies, for example, where Congress drafted a statute so broad "that in a given case there is no law to apply." *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 91 S.Ct. 814, 28 L.Ed.2d 136 (1982). Accordingly, "even where Congress has not affirmatively precluded review, review is not to be had if the statute is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion." *Heckler v. Chaney*, 470 U.S. 821, 830, 105 S.Ct. 1649, 1655, 84 L.Ed.2d 714 (1984).

█ This court cannot review IRS's refusal to refund interest because IRS's action under 26 U.S.C. § 6404(e) is purely discretionary. Congress used the word "may" instead of "shall" in describing the IRS's authority to abate assessments of interest attributable to "error or delay" by IRS officials. In § 6404, the word "may" makes agency action discretionary or permissive rather than mandatory. *Bergen v. United States*, 213 Ct.Cl. 609, 612 n. 3, 562 F.2d 1197, 1198 n. 3, *cert. denied*, 434 U.S. 939, 98 S.Ct. 428, 54 L.Ed.2d 298 (1977) (" 'May' unlike 'shall,' is not a word of command, but of permission"); *Former Corp. v. United States*, 66 Ct.Cl. 83, 88–89 (1928). In some instances, the statutory context of the word "may" shows "a purpose to use it in a mandatory sense." *Koch Refining Co. v. Department of En-*

*ergy,* 504 F.Supp. 593, 596 (Minn., 1980), *aff'd,* 658 F.2d 799 (Temp.Emer.Ct.App. 1981). Section 6404(e) does not present such an instance.

The language of § 6404, taken in its entirety, demonstrates that Congress carefully distinguished between discretionary and mandatory abatement of interest. Congress used "may" in § 6404(e)(1), but also used "shall" in subsection (e)(2) to establish IRS's mandatory duty to abate interest assessed on erroneous refunds:

> *Interest abated with respect to erroneous refund check.*—The Secretary shall abate the assessment of all interest on any erroneous refund under section 6202 until the date demand for repayment is made....

26 U.S.C. § 6404(e)(2) (1982).

The committee reports on the 1986 Tax Reform Act also show that Congress intended to place requests for interest abatement under § 6404(e)(1) within the sole discretion of the IRS:

> The bill gives the IRS the authority to abate interest but does not mandate that it do so....

H.R.Rep. No. 99–426, 99th Cong., 1st Sess. 844 (1986–3 Cum.Bull. (Vol. 2) 844); S.Rep. No. 99–313, 99th Cong., 1st Sess. 208 (1986–3 Cum.Bull. (Vol. 3) 208).

This court also rules that IRS's refusal to abate interest is not reviewable because § 6404(e) contains no standards for assessing the propriety of IRS's decision. Section 6404(e)(1) contains no directives or guidelines that IRS must follow when reviewing requests for abatement. Congress's only instructions for implementing § 6404(e)(1) appear in the broad language of a committee report. The report noted that IRS should permit abatement "where failure to abate interest would be widely perceived as grossly unfair." H.R.Rep. No. 99–426, 99th Cong., 1st Sess. 844 (1986–3 Cum.Bull. (Vol. 2) 844); S.Rep. No. 99–313, 99th Cong., 2d Sess. 208 (1986–3 Cum.Bull. (Vol. 3) 208).

Neither the language of § 6404(e)(1) nor its legislative history provide a standard for judicial review. Consequently, § 6404(e) places the judgment of whether to abate interest solely within the discretion of IRS. IRS determined not to abate the interest on plaintiff's 1981 tax return. This court lacks both authority and a standard by which to review judicially that determination.

### 28 U.S.C. § 1346(a)(1): Abatement of Interest and Repayment of Taxes

In his response brief to defendant's motion and at oral argument, plaintiff attempted to establish additional support for his interest claim by relying on 28 U.S.C. § 1346(a). Section 1346 gives the Claims Court jurisdiction over claims against the United States for "any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws." 28 U.S.C. § 1346(a)(1). Plaintiff claims that the Government's negligence in losing documents and in failing to act in an efficient manner resulted in the wrongful assessment of interest.

■ This court rejects plaintiff's attempt to establish jurisdiction over the interest claim under § 1346(a)(1). By making IRS's decision to abate interest discretionary rather than mandatory under § 6404(e), Congress limited a taxpayer's substantive right to compensation from the Government for wrongfully assessed interest. The sweeping judicial mandate of § 1346 cannot negate Congress's specific and focused intent with respect to interest abatement in § 6404(e). Section 1346 applies to erroneous collections in general; § 6404 applies specifically to erroneous collection of interest. This court cannot ignore Congress's explicit directions concerning collection of interest assessments in § 6404(e). The Federal Circuit has stated that a general statute does not control or nullify a specific legal provision. *See Neptune Mutual Ass'n, Ltd. of Bermuda v. United States,* 862 F.2d 1546, 1552 (Fed.Cir.1988).

■ Section 1346(a) is also subject to the doctrine of sovereign immunity. The United States, as sovereign, is immune from suit unless Congress specifically waives immunity by statute. *United States v. Testan,* 424 U.S. 392, 399, 96 S.Ct.

948, 953–54, 47 L.Ed.2d 114 (1976); *Soriano v. United States*, 352 U.S. 270, 276, 77 S.Ct. 269, 273, 1 L.Ed.2d 306 (1957). In actions under 28 U.S.C. § 1346(a)(1), Congress only waived the sovereign immunity of the United States if the taxpayer seeking recovery first filed a refund claim with the IRS:

> *(a) No suit prior to filing claim for refund.*—No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected ... or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary....

26 U.S.C. § 7422(a) (1982). No federal court therefore may assume jurisdiction over a claim for recovery of income taxes where the plaintiff has not first filed a refund claim with IRS. *Zuger v. United States*, 834 F.2d 1009, 1010 (Fed.Cir.1987).

In its response to defendant's motion to dismiss, plaintiff effectively amended its complaint to include a claim for repayment of wrongfully collected taxes under § 1346(a)(1). Plaintiff admitted at oral argument, however, that he lodged this claim without first seeking repayment through the IRS:

> THE COURT: So now we're talking just about the principal and you have not, as the Court understands, made any claim to that principal before the Secretary, is that correct?
>
> MR. BRAHMS: Well, that—basically that is correct ... to the Secretary, no. I've done it—I've done it before you, before the Court....

Tr. at 29. Plaintiff has not complied with § 7422(a). Consequently, this court may not adjudicate plaintiff's claim for repayment of taxes under 28 U.S.C. § 1346(a)(1).

## CONCLUSION

IRS's refusal to abate interest assessed on plaintiff's 1982 tax return is not subject to judicial review. In drafting § 6404(e) as a permissive statute devoid of any directives or instructional guidelines, Congress vested IRS with sole discretion to abate assessments of interest attributable to IRS error or delay. Plaintiff cannot circumvent this specific statute by invoking this court's general power to adjudicate tax claims under 28 U.S.C. § 1346(a)(1).

Though plaintiff appealed to IRS for abatement of interest, he never submitted a claim for a tax refund. Thus, plaintiff did not comply with § 7422. This court cannot address the tax repayment claim until plaintiff first petitions IRS for a refund.

This court grants defendant's motion to dismiss and directs the Clerk to enter judgment dismissing plaintiff's complaint.

No costs.