SkeltoN, Judge,
delivered the opinion of the court:
The plaintiff, Boland Dorl, was a member of the enlisted reserve in the United States Air Force, not on active duty, when he was offered an appointment as a captain subject to his agreement to retain Beady Beserve status and be assigned to a Beady Beserve unit. He accepted the appointment on *629 May 18,1964, and was assigned to tlie 26th. Air Division as of May 11, 1964, with availability classification AA. He executed the Eeady Eeserve agreement on June 3, 1967, to expire June 1, 1968.
Plaintiff was given six Officer Efficiency Eeports (OEEs) from May 11, 1964, to November 3, 1967. The first two contained an over-all evaluation of “very fine.” These were for 1964 and 1965. The last four, which were given in 1965, 1966 and 1967 had evaluations of “effective and competent.” These reports were made by his commanding officer. The reports for the periods ending July 31, 1966, July 31, 1967, and November 3, 1967, contained remarks and statements that were critical and derogatory of the plaintiff.
On December 4,1967, the plaintiff was eligible for promotion to the grade of major. He was considered for this promotion but was not selected. On April 12, 1968, his unit was ordered to extended active duty as of May 13, 1968. The plaintiff asked for and obtained a delay of 60 days which expired on July 12,1968. On May 28,1968, he applied for an exemption from recall to active duty and for a transfer to inactive reserve status and gave as his reasons (1) the illness and death of his father, who died May 13, 1968; (2) limited usefulness to the Air Force because he was a deferred officer for promotion; (3) the fact that he was an excess captain in his unit; (4) he had been recalled during the Cuban crisis in 1962; (5) his essentiality at his place of employment; and (6) estate management problems due to the death of his father. At the time he applied for an exemption from recall and transfer to inactive or retired Eeserve status, plaintiff concurrently submitted a letter of resignation as required by paragraph 17 of Air Force Manual 45-2.
Plaintiff’s request for exemption was approved and at the same time his resignation was accepted and he was honorably discharged as of June 14, 1968. He was given credit for 13 years and 10 months of satisfactory Federal service, which included service in the Navy.
On October 25, 1968, plaintiff asked the Air Force Board *630 for Correction of Military Eecords (the Board) to remove the derogatory OEEs from his records and to reinstate his commission in the Eeserves. The Board denied his request on July 30, 1969. Thereafter, on July 4, 1970, plaintiff requested reconsideration by the Board. A hearing was scheduled for January 20, 1971. The plaintiff filed this suit on December 15, 1970. The Board conducted the hearing as scheduled, notwithstanding the pendency of this case in this court. The plaintiff appeared and testified at the hearing and presented other evidence. The principal contentions that he urged before the Board were the following:
1. The OEEs were false and written with malice iby Major Jerome Eosenberg with whom he had a personality conflict and who testified by deposition that he was the “villain” who had prepared the reports and indicated they were incorrect in some respects. The plaintiff contended these reports caused him to foe passed over for promotion to major and that he would have been promoted had they not been in his files. He argued that he could not afford to go on active duty with his unit while the OEEs were in his file because they would cause him to be passed over again for promotion the next time he was considered and a second pass over would result in his being discharged’ from the Air Force in accordance with the usual procedure. In any event, he contended that the reports prevented his transfer to the 170th ANG, McGuire A.F.B., N.J., which had a vacancy in the grade of major but which .aborted his transfer when he was passed over for promotion because of the false reports.
2. Plaintiff contended that his resignation was not voluntary but was the result of coercion and duress on the part of the Air Force. Furthermore, he said that the requirement of a resignation when a request for exemption from a call to active duty is made is contrary to 10 TJ.S.C. 673 and 10 U.S.C. 1163.
3. Finally, plaintiff contended that his resignation was withdrawn by him before it was acted upon. To support this *631 argument, he pointed to a nite letter telegram that he said he telephoned to a Western Union office reading as follows:
TELEGEAM
USAF — AEPC DENVEE, COLO ATTN: J.A.G.
BEQUEST YOUE ACTION ON IMMEDIATE EE VIE W/HEAEIN G
MY OEES PEIOE EECALL TO EAD, PEE D. HAEEIS TELECON.
MY EESIGNATION INVOLUNTAEY AND STANDS ONLY IF AM
GEANTED PEOEATA SHOEE EAENED BENEFITS.
PLS ADVISE COLLECT TO 201 MES-8016 ED
Capt Fu '#
10 Folm-Chot
NITE LETTEE
W.U N’Town 5/29/68
charged on phone
At the Board hearing a staff advisory report dated December 30, 1968, of the Air Eeserve Personnel Council (see Paragraph 9 of AFE 31-3, January 2,1962) stating as follows was received into evidence:
* * * A review of officer’s effectiveness reports would not materially affect his overall average rating positively or negatively. After thoroughly reviewing officer’s records we believe that officer, faced with imminent recall to active duty, voluntarily resigned his commission in order to remain in civilian life.
The plaintiff contends that this letter was an improper interference with a civilian board by the military and that it should not have been admitted into evidence or considered. We think this argument is unsound. The Board was entitled to receive evidence from the military as well as from the plaintiff. The writer of the letter had nothing to do with the final decision of the Board. The Board had the right to consider the advisory report along with all the other evidence in the case.
*632 The plaintiff was unable to offer any evidence that he would have been promoted had it not been for the OERs in his file, except his own speculative testimony. In like manner, the only evidence introduced by plaintiff that his resignation was not voluntary was his own statement that he submitted the resignation only because the regulations required it and that he did not want to resign. The only evidence produced as to plaintiff’s withdrawal of his resignation was the alleged sending of the telegram. The Air Force in effect denied that it had received the telegram because it was not in plaintiff’s file, and, it contended that if sent, plaintiff sent it to the wrong address in violation of applicable regulations, as will be discussed below and it was not received before the resignation was accepted.
The Board rendered its decision by a split decision. Two of its members voted to deny plaintiff’s application in its entirety, while the majority of three members decided as follows:
1. The Company Grade Officer Effectiveness Reports, AF Forms It, submitted on EOLAND DOEL, FY 3062630, for the periods of 1 April 1966 to 31 July 1966, 1 August 1966 to 31 July 1967 and 1 August 1967 to 3 November 1967, be declared void and removed from his records.
2. So much of the application of EOLAND DOEL, FV 3062630, before the Air Force Board for the Correction of Military Records, as relates to his request for setting aside his pass over for permanent promotion to the Reserve grade of Major by the FY 1968 Selection Board, and the setting aside of his discharge on lé June 1968 from the United States Air Force Reserve and concurrent reinstatement therein with proper rank, responsibilities and earned benefits, be denied.
The majority decision was approved by the Assistant Secretary of the Air Force on March 29,1971.
On May 17,1971, plaintiff filed an amended petition in this court alleging that the decision of the Board was arbitrary, capricious, illegal, void and wrong. There is no allegation or contention in the amended petition or in plaintiff’s briefs or *633 motion for summary judgment that the decision of the Board is not supported by substantial evidence.
The case is before us on the plaintiff’s motion for summary judgment and defendant’s cross-motion for summary judgment.
The plaintiff has not shown by cogent and clearly convincing evidence that the Board’s decision was arbitrary, capricious or unlawful. Neither has he shown nor even alleged that the decision is not supported by substantial evidence. This court will not overturn the decision of a Correction Board without such allegations and proof. See Wood v. United States, 176 Ct. Cl. 737 (1966); and Stephens v. United States, 174 Ct. Cl. 365, 358 F. 2d 951 (1966). Furthermore, under such circumstances courts will not review or set aside discretionary denials of promotion in the military services such as that involved in the present case. Clinton v. United States, 191 Ct. Cl. 604,423 F. 2d 1367 (1970); and Arnheiter v. Ignatius, 292 F. Supp. 911 (N.D. Cal. 1968), aff'd 435 F. 2d 691 (9th Cir. 1970); and Orloff v. Willoughby, 345 U.S. 83 (1953).
The plaintiff contends that his resignation was not voluntary because it was required by Air Force Manual 45-2 when he asked for an exemption from the call to extended active duty, and because the word “voluntary” was not in his resignation. It is settled that regulations of the Secretaries of the Armed 'Services have the force and effect of law. Henneberger v. United States, 185 Ct. Cl. 614, 403 F. 2d 237 (1968). Air Force Manual 45-2 which plaintiff complied with was such a regulation. The absence of the word “voluntary” in his resignation was immaterial. When plaintiff sought the ’benefits of Air Force Manual 45-2 and at the same time submitted his resignation, he is deemed to have done so voluntarily. In order for a resignation to be involuntary, there must ordinarily be external coercion or duress, which are fact issues. McGucken v. United States, 187 Ct. Cl. 284, 407 F. 2d 1349, cert. denied, 396 U.S. 894 (1969) ; Pitt v. United States, 190 Ct. Cl. 506,420 F. 2d 1028 (1970); and Hanes v. Pace, 203 F. 2d 225 (D.C. Cir. 1953). The plaintiff has not shown coercion or duress in connection with his resignation in this case. In *634 fact, when plaintiff requested an exemption from the call to active duty, he listed several reasons why he wanted to remain a civilian. This is incompatible and inconsistent with his claim that his resignation was involuntary and the result of coercion and duress.
Plaintiff’s contention that the requirement of a resignation at the time a request for exemption from a call for extended active duty is made is precluded by 10 U.S.C. 613 and 10 U.'S.C. 1163 is without merit. There is nothing in these statutes which prevents such a requirement.
Finally, plaintiff argues that his resignation was withdrawn by him when he sent the above quoted telegram. There are several reasons why this contention cannot be sustained. A careful reading of the telegram, viewed in the most favorable light for the plaintiff, does not indicate a withdrawal of the resignation. The most that could be concluded from the message was that plaintiff said his resignation was involuntary and “stands only if am granted prorata shore earned benefits.” If it can be said that the resignation was conditioned on his being granted the designated benefits, the condition was actually complied with because the Board granted him full credit for all service performed, namely 13 years and 10 months of Federal service for longevity retirement purposes, which included his Navy Eeserve service. Another reason why the telegram was not a withdrawal of the resignation was because plaintiff sent it to the wrong address. This was in violation of Air Force Eegulation 45-42 of May 31, 1956, which provides:
* * * The request [for withdrawal of the resignation]
* * * will be forwarded through the same channels as the tender of resignation, * * *.
This regulation required plaintiff to send any withdrawal of resignation notice to the same person or officer to whom he had sent his resignation, namely to the Commander, CAC (Continental Air Command), Air Eeserve Personnel Center, 3800 York Street, Denver 5, Colorado. Instead of sending the telegram to such officer at said address, the plaintiff sent it to USAF (United States Air Force)' — AEPC (Air Eeserve Personnel Counsel), Denver, Colorado, attention *635 JAG (Judge Advocate General). This was not a compliance with the Regulation. In any event, there was no proof the Air Force ever received the telegram, as the evidence at the Board hearing showed it was not in plaintiff’s file. Furthermore, the officer who accepted plaintiff’s resignation had no knowledge of the telegram when the resignation was accepted. We hold that plaintiff did not withdraw his resignation prior to its acceptance by the Air Force.
The decision of the Board was neither arbitrary nor capricious and was supported by substantial evidence. Accordingly, plaintiff’s motion for summary judgment is denied and defendant’s cross-motion for summary judgment is granted, and plaintiff’s suit is dismissed.