Per Curiam ;
This case comes before the court on plaintiff’s motion filed April 30, 1973, for summary judgment and for an incidental and collateral order, defendant’s cross-motion for summary judgment filed June 14, 1973, plaintiff’s opposition to defendant’s cross-motion filed July 11, 1973, and supporting briefs. Upon consideration of the pleadings, the motions, the briefs supporting and opposing the respective motions, a stipulation, an affidavit of plaintiff, and exhibits, *303 and after oral argument, the court concludes that plaintiff is not entitled to recover.
Plaintiff asks that the court promote him from the grade of lieutenant colonel, United States Army Retired, Reserve, to colonel. Plaintiff was retired as a lieutenant colonel, USAR, on June 1, 1967, pursuant to 10 U.S.C. § 1331. He contends that he should have been retired in the higher grade since his original appointment as captain did not reflect n.11 the constructive credit to which he was entitled as a result of his education and experience in the private practice of law. Plaintiff received a direct commission as a captain on September 2, 1948, ORC, JAGD (subsequently USAR, JAGC). He had no prior commissioned service in the Armed Forces. He requested the grade he received. This is stipulated. It is plaintiff’s thesis now that he should have had a higher beginning commission which would thus have meant that he would have been promoted to colonel while still on active duty and could have retired in that grade. Plaintiff attacks as arbitrary and capricious the denials, by the Army Board for Correction of Military Records, of his two applications to correct his records to establish his grade as colonel. Plaintiff also says that he is entitled to retired pay beginning May 8, 1967, the date he became 60 years of age, instead of on the first of the following month. He seeks an order establishing his status, correcting his military records, and giving him appropriate retired pay as a colonel.
Plaintiff had a distinguished career and received Army Commendation Medals and the Legion of Merit for “exceptionally meritorious conduct in the performance of outstanding services.” However, it is the judgment of the court that he has not stated a claim upon which relief can be granted and that defendant is entitled to judgment as a matter of law. The Aimy’s original appointment of plaintiff in the grade of captain was a purely discretionary act entrusted by law to the Secretary of the Army and is not reviewable judicially, Orloff v. Willoughby, 345 U.S. 83, 90 (1953), Don-nelly v. United States, 133 Ct. Cl. 120, 122, 134 F. Supp. 635, 636 (1955), nor does this court have any authority to promote a military officer for that is also a discretionary function of the Executive. Muldonian v. United States, 193 Ct. Cl. 99, *304 432 F. 2d 443 (1970). Further, the court cannot speculate nor presume that an officer will be promoted or would have been promoted. Brenner v. United States, 202 Ct. Cl. 678 (1973); Olinton v. United States, 191 Ct. Cl. 604, 423 F. 2d 1367 (1970). No law or regulation mandated plaintiff’s promotion to colonel for this would depend on many things other than his qualifications for such promotion, such as appropriations and manpower requirements of the Army. Discretion over promotions to the grade of colonel is reserved to the Secretary and to selection boards he convenes. 10 TJ.8.C. § 3370.
Plaintiff relies on Army circular 210, dated July 14,1948, as mandating his appointment in a grade higher than captain. He misreads the circular which says in section 3f(l) that the grade given shall be determined by the examining board, subject to final approval of The Adjutant General, and that the grade will be based on total education and experience according to a scale of minimum requirements for each grade. Nothing in the circular mandates appointment at a particular grade. Any other construction would render meaningless the requirements of interview and approval by The Adjutant General. ¡Selection of military officers is more than a ministerial function. While nothing precluded plaintiff’s appointment in a higher grade, nothing mandated it. The court cannot say that the appointing authorities abused their discretion in not giving a higher grade than captain to a man with no prior commissioned officer experience. The circular and the Army regulations relied upon by plaintiff for appointment and constructive credit ¡are inapposite. This court cannot overturn the two decisions of the Army Board for the Correction of Military Records unless they are found to be arbitrary, capricious, and not based upon substantial evidence, or are contrary to applicable laws and regulations. Dorl v. United States, 200 Ct. Cl. 626, cert. denied, 414 U.S. 1032 (1973). This showing requires cogent and clearly convincing evidence. Newman v. United States, 185 Ct. Cl. 269, 276 (1968) ; Stephens v. United States, 174 Ct. Cl. 365, 372, 358 F. 2d 951, 954 (1966). There is a strong presumption that the board and the Secretary faithfully discharged their duties and the burden is upon plaintiff to prove otherwise. Callan v. United States, 196 Ct. Cl. 392, 450 F. 2d 1121 *305 (1971); Biddle v. United States, 186 Ct. Cl. 87 (1968). Plaintiff sought to meet that burden by complaints of irregularities in the actions of the board. It is not clear what weight, if any, the board attached to the circular, regulations, and communications to it. But, it is not necessary in this case to find the board to have been in error, for in view of the authorities cited concerning appointments and promotions, it cannot be fairly said that the board was confronted with any manifest injustice necessarily requiring correction. 10 U.S.C. § 1552.
Two questions remain. Plaintiff says that 10 U.S.C. § 1331 (a) (1964) entitles him to retired pay from the date on which he became 60 years of age, May 8, 1967. Defendant has paid plaintiff for the period on and after June 1, 1967, and he seeks the difference. Plaintiff overlooks the Uniform Retirement Date Act, 5 U.S.C. § 8301, and Army regulation 135-180 which establish the date that retired pay begins as the first day of the month following the month in which the individual qualifies for retirement. The Act of August 13, 1968, Pub. L. 90-485, section 2, 82 Stat. 754, amended 10 U.S.C. § 1331 (1964) by the addition of subsection (e) to make it clear that the date of entitlement to retired pay is not governed by 5 U.S.C. .§ 8301 after the effective date of the amendment. Thus, it is clear by implication that when plaintiff became eligible for retired pay under section 1331 on May 8, 1967, the date for commencement of his retired pay was properly determined pursuant to section 8301 to be June 1,1967. Said amendment was not retroactive. Section 6 of the Act of August 13,1968, states that section 2 thereof is “effective on the date of enactment.” It is also clear from the legislative history of the amendment that it was not retroactive. S. Rep. No. 1480, 90th Cong., 2d Sess., 3 U.S. Cong. & Adm. News 3294 (1968). This element of plaintiff’s claim also fails as a matter of law.
Finally, plaintiff’s claim must fail because it is barred by the statute of limitations. Plaintiff was entitled to be retired “in the highest grade in which he served satisfactorily.” 10 U.S.C. § 1374(b). That grade was lieutenant colonel. In order to show that he is entitled to the retired pay of a colonel he must upset the 1948 decision to commission him as a captain and to award him less than 23 years of constructive *306 credit for promotion purposes. He could have attacked that decision within 6 years after it was made. 28 U.S.C. § 2501. Pie did not do this. It is too late now. Kirby v. United States, 201 Ct. Cl. 527 (1973), pet. for cert. fled Feb. 24, 1974; Palmer v. United States, 129 Ct. Cl. 322, 121 F. Supp. 643 (1954).
Plaintiff’s motion for summary judgment and for an implementing order is denied. Defendant’s cross-motion for summary judgment is granted. The petition is dismissed.