On August 1, 1975 the court issued the following order:
Before CoweN, Chief Judge, Davis and Kashiwa, Judges.
“This case comes before the court on defendant’s motion to dismiss plaintiff’s petition. Plaintiff, an Army officer on active duty in Taiwan, seeks !a retroactive promotion from the rank of Major to Lieutenant Colonel or, alternatively, for an order directing that he be placed before an Army Standby Advisory Board to be considered for promotion. He 'also seeks retroactive pay and allowances if the promotion is granted, requests that a challenged efficiency report be expunged 'from his records, and asks the court to render a declaratory judgment that certain regulations relating to the Army Board for the Correction of Military Records are unconstitutional. Upon consideration of defendant’s motion and plaintiff’s objection thereto, the court finds:
“(1) Plaintiff challenges an efficiency report rendered for service during the period October 9, 1967 to June 26, 1968, on the ground that the reporting system used at the time the efficiency report was rendered was subject to a general inflation in the case of some officers and that the report rendered asto plaintiff under the new system unduly penalized *1025 an officer sutíh. as plaintiff, whose rater and endorser made a conscientious effort to deflate the rating system in response to guidance from headquarters.
“ (2) In an effort to have the challenged efficiency report removed from his records and to obtain promotion, plaintiff has appealed to the Army Special Review Board, Office of the Adjutant General, and to the Army Board for the Correction of Military Records.
“(3) The Army Special Review Board found that the evidence submitted by plaintiff was not sufficient to justify withdrawal or alteration of the efficiency report, and the Army Board for the Correction of Military Records denied his application.
“(4) For the purpose of defendant’s motion, plaintiff’s allegations regarding the circumstances under which the challenged efficiency rating was made, are accepted as true. However, such circumstances did not invalidate the discretionary 'authority Of Army officials to deny plaintiff’s promotion.
“Having decided that defendant’s motion to dismiss should be treated as a motion for summary judgment in order to consider the documentary evidence offered by plaintiff, the court concludes as follows:
“(A) The retroactive promotion of plaintiff with back pay would involve an intrusion into the discretionary military promotion processes which is not justified in this case where plaintiff does not have a clear legal entitlement to the pay of a higher rank. Doggett v. United States, ante at 478; Cooper v. United States, 203 Ct. Cl. 300 (1973); Abruzzo v. United States, 206 Ct. Cl. 731, 513 F. 2d 608 (1975).
“(B) Since the court is not authorized to grant plaintiff monetary relief in this case, his request for an order to have the challenged efficiency report removed from Ms record and for a judgment declaring the regulations unconstitutional must be denied on the ground that these claims are outside the court’s jurisdiction. See Austin v. United States, 206 Ct. Cl. 719, cert. denied, 423 U.S. 911 (1975); and Jankovic v. United States, 204 Ct. Cl. 807 (1974). This holding is also *1026 applicable to plaintiff’s request for an order that he be placed before the Army Standby Advisory Board for purposes of early promotion.
“it is therefore ORDERED that defendant’s motion for summary judgment is granted and plaintiff’s petition is hereby dismissed.”