This military pay case is before the court on the parties’ cross-motions for summary judgment. Plaintiff was formerly a major on active duty in the United States Air Force. As a result of being passed over twice for promotion to the permanent rank of lieutenant colonel, he was forced to retire from the service on March 1, 1974.
The crux of plaintiffs complaint is that his July 1, 1967, through February 4, 1968, Officer Effectiveness Report (OER) was erroneous and unjust and should have been expunged from his file, whereupon the passovers[1] based on that OER should have been voided.[2] When plaintiff received this OER, he had just been promoted to the permanent rank of major. Plaintiff submitted to the Officer Personnel Records Review Board (OPRRB) two mitigating letters, signed by the rating and endorsing officials, stating that, at the time plaintiff received the OER in question, the rating official had a practice of downgrading newly promoted officers in order to show career progression in their next OER. These letters did not, however, state that the rating official had specifically engaged in this practice with respect to the challenged OER. Instead, the rater, although reaffirming a high regard for plaintiffs performance, stated that the fact that he had rated plaintiff lower on the challenged OER than on the immediately preceding and succeeding ones was evidence of the rater’s practice, and that it appeared that such practice was prejudicial to plaintiff.
The OPRRB was unpersuaded by plaintiffs evidence and refused to void the OER. The Air Force Board for Correction of Military Records (AFBCMR), to which plaintiff subsequently applied for relief, found no error or injustice in the case.
In reviewing actions of a correction board, this court recognizes a strong presumption that the board acted in good faith. Plaintiff has the burden of proving otherwise. Cooper v. United States, 203 Ct. Cl. 300, 304 (1973). To *854 overturn a decision of the board, plaintiff must show by "cogent and clearly convincing evidence that the Board’s decision was arbitrary, capricious or unlawful.” Dorl v. United States, 200 Ct. Cl. 626, 633, cert. denied, 414 U.S. 1032 (1973). Plaintiff has failed to make this showing. Although one could infer from the letters that plaintiff had in fact been the victim of a conscious policy to downgrade newly promoted officers, an equally sound inference is that plaintiffs performance in his new rank, although not unsatisfactory, suffered by comparison with other majors who had served longer in that rank.
As we said in Tanaka v. United States, 210 Ct. Cl. 712, 713 (1976), cert. denied, 430 U.S. 955 (1977), "[i]t is not for us to substitute our judgment for that of the military, in evaluating this kind of evidence.” Our role is limited to deciding whether plaintiff has satisfied his burden of proving that the board’s action was arbitrary, capricious, or contrary to law. In this case, we conclude that he has not.
Plaintiff also argues that his passovers should have been voided because he had only one OER in his file reflecting his performance as major when he was first considered, but not selected, for promotion to the temporary rank of lieutenant colonel. However, plaintiff has cited neither statute, regulation, nor case law to support the proposition that an officer may not be passed over for promotion to a higher rank if, at the time of the passover, he has but one OER in his file reflecting his performance in the lower rank. Plaintiffs argument must fail.
Plaintiffs final complaint that the AFBCMR acted arbitrarily by failing to grant plaintiffs request for a hearing is without foundation. The correction board’s authority to deny an application without a hearing, established by regulation, has been upheld by this court on many occasions. See, e.g, Callan v. United States, 196 Ct. Cl. 392, 450 F.2d 1121 (1971); Boland v. United States, 169 Ct. Cl. 145 (1965). The board’s failure to grant plaintiff the requested hearing, under the circumstances of this case, is neither arbitrary nor capricious. Armstrong v. United States, 205 Ct. Cl. 754, 764 (1974).
it is therefore ordered, on consideration of the record and briefs of counsel, but without oral argument, that defendant’s cross-motion for summary judgment is granted, *855 plaintiffs motion for summary judgment is denied, and the petition is dismissed.

 Plaintiff was also passed over in 1968, 1969, 1970, 1971, 1972, and 1973 for promotion to the temporary rank of lieutenant colonel.

 Other issues raised in the pleadings have either been abandoned by the parties or are rendered unnecessary for the court to reach in view of its holdings infra.