This military pay case is before the court on defendant’s unopposed motion for summary judgment. Plaintiff complains that the orders releasing him from active duty as lieutenant colonel in the United States Marine Corps were unlawful because they did not authorize payment to him of readjustment pay pursuant to 10 U.S.C. § 687 (1976). Defendant contends that plaintiffs release from active duty was not "involuntary,” as required by 10 U.S.C. § 687(a), and that therefore he is not entitled to readjustment pay. We agree and hold for defendant.
Plaintiff served on active duty with the United States Marine Corps Reserves for a period of 4 years under the terms of two Standard Written Agreements (SWAG’s). While serving under the second SWAG, plaintiff, on May 11, 1970, applied for unlimited active duty, but his request *872 was denied on August 17, 1970. On March 30, 1971, and again on June 17, 1971, plaintiff requested an extension of active duty pursuant to 10 U.S.C. § 265 (1976). That statute provides that each armed force shall have reserve officers on active duty to prepare and administer policies and regulations affecting its reserve component. The Marine Corps designation for this type of active duty is "category six duty.” After an interim of temporary active duty from July 1 to September 10, 1971, plaintiff was granted an extension of active duty for 2 years in category six duty and served in that status from September 10, 1971, through September 30, 1973.
Prior to the scheduled expiration of this service on September 30, 1973, plaintiff made two requests for retention in the category six program beyond the September 30, 1973, expiration date. The second of these requests, dated September 14, 1973, requested that plaintiff be held on active duty beyond the September 30, 1973, release date until a decision was made. On December 19, 1973, plaintiff was informed of his nonselection and he was released from active duty effective December 31, 1973. On December 3, 1974, plaintiff applied to the Board for Correction of Naval Records (BCNR) requesting that his records be modified to show entitlement to readjustment pay pursuant to 10 U.S.C. § 687. The application was denied.
To overcome this court’s presumption that the correction board acted in good faith, plaintiff has the burden of proving by "cogent and clearly convincing evidence that the Board’s decision was arbitrary, capricious or unlawful.” Dorl v. United States, 200 Ct. Cl. 626, 633, cert. denied, 414 U.S. 1032 (1973). Plaintiff has not satisfied this burden.
Plaintiffs alleged entitlement to readjustment pay is governed by 10 U.S.C. § 687(a) (1976). That statute provides, in relevant part:
(a) Except for members covered by subsection (b), a member of a reserve component or a member of the Army or the Air Force without component who is released from active duty involuntarily, or because he was not accepted for an additional tour of active duty for which he volunteered after he had completed a tour of active duty, and who has completed, immediately before his release, at least five years of continuous *873 active duty, is entitled to a readjustment payment >f: sfc sjt sfí sí;
Under this statute, plaintiff must show not only that he served at least 5 years of continuous active duty before his release, but also that he was "released from active duty involuntarily, or because he was not accepted for an additional tour of active duty for which he volunteered.”
This court has ruled that where a reserve officer makes a request for an extension of active duty conditioned on some factor the service cannot accept, his subsequent release is voluntary and he is not entitled to readjustment pay. Mansell v. United States, 199 Ct. Cl. 796, 802, 468 F. 2d 933, 936 (1972). Navy regulations control whether plaintiffs request is deemed to be conditional. Henneberger v. United States, 185 Ct. Cl. 614, 403 F. 2d 237 (1968).
The relevant Navy regulations, promulgated to implement 10 U.S.C. § 687 (1976) are found in the Department of Defense Pay and Allowances Entitlement Manual (DODPM), Part 4, Chapter 4, Section B, and Secretary of the Navy Instruction (SECNAVINST) 1900.7C[1] The DODPM, Part 4, Chapter 4, Section B, provides that if a reserve officer, who has satisfied the 5-year continuous active duty requirement, "volunteers for a period of active duty contingent on assignment to certain type of duty or location, or being tendered specific type of contract and is not accepted for the additional tour, then readjustment pay is not payable.” In addition, SECNAVINST 1900.7C ¶ 5 provides that volunteering for active duty contingent on assignment to a specific type of duty or location is not considered to be volunteering for an additional tour of duty for purposes of entitlement to readjustment pay under 10 U.S.C. § 687 (1976).
Plaintiff's request for extension of active duty was conditioned on assignment to the category six program. By statute, category six reservists are to be assigned to a specific location and are responsible for carrying out specific duties which are separate and different from those performed by officers on regular active duty. Specifically, 10 U.S.C. § 265 (1976) provides that category six reservists are to be assigned to "the seat of government, and at *874 headquarters responsible for reserve affairs” and are "to participate in preparing and administering the policies and regulations affecting those reserve components.”
By requesting an extension of his category six status, plaintiff volunteered for an additional tour of active duty which was conditioned on "assignment to certain type of duty or location.” Plaintiff did not make an unconditional request for a voluntary extension of active duty. Henneberger v. United States, supra. His release was voluntary and he is not entitled to readjustment pay. Mansell v. United States, supra.
Plaintiff also seems to be claiming that his contingent request for active duty is somehow excused because he was allegedly told by the Marine Corps that application for category six status was the only way he could insure his retention on active duty. Plaintiff has neither developed nor provided any legal support for this contention. The argument is of no avail to plaintiff in pursuing his claim for readjustment pay.
For the foregoing reasons, we conclude that the decision of the BCNR denying plaintiffs claim of entitlement to readjustment pay was neither arbitrary, capricious, nor contrary to law. Since there are no material facts in dispute, defendant is entitled to judgment as a matter of law.
it is therefore ordered, upon consideration of the record and brief of counsel, but without oral argument, that defendant’s unopposed motion for summary judgment is granted, and the petition is dismissed.

 Marine Corps Order (MCO) 1001.45A incorporates by reference the provisions of the DODPM regarding eligibility for readjustment pay. See MCO 1001.45A ¶ 5.i.