This military pay case is before us, after oral argument and briefing by the parties, on cross-motions for summary judgment. The issue presented for resolution is whether we should uphold a decision of the Board for the Correction of Naval Records (BCNR). The BCNR determined that at the time of his discharge from the armed services plaintiff was not unfit for duty by reason of physical disability, a determination which prevented him from qualifying for disability retirement benefits. For the reasons set forth below, we hold that the BCNR’s decision was not arbitrary, capricious, incorrect as a matter of law, or unsupported by substantial evidence, and we therefore affirm it.
Plaintiff served on active duty with the United States Navy from 1965 through 1975. After his return from a year of active duty in Vietnam during which plaintiff was Under considerable stress plaintiff was diagnosed in February 1971 as having acute alcoholism. Several months thereafter, he was found to have a mild personality disorder described as a "passive dependent personality,” a diagnosis that was to be reaffirmed a number of times by naval doctors and medical boards from 1971 through 1975. Plaintiffs passive dependent personality as described in the June 8,1971 Medical Board Report, was "manifested by the formation of clinging dependent relationships, difficulty in the direct verbal expression of anger, and a tendency to react to stress with disillusionment, variably impaired duty efficiency, increased imbibing of ethanol, anorexia, weight loss arid insomnia.” Plaintiff continued on duty after this diagnosis was made, and although at one point a medical board suggested his discharge, plaintiff successfully rebutted that recommendation. From 1971 through his discharge in 1975, plaintiff was at various times under treatment and evaluation for his personality disorder and alcoholism. *628 None of the examinations of plaintiff by medical boards of naval psychiatrists[1] uncovered any evidence of neurosis or organic brain disease. In a pre-discharge medical examination in March of 1975, Lieutenant Young was diagnosed as having chronic alcoholism, in remission, and a passive dependent personality with depressive reaction. The medical record expressly stated that there was "no evidence of psychosis or neurosis and there are no symptoms of central nervous disease or disability.” He was thus found fit for discharge. The above diagnosis was again reached in a neuropsychiatric consultation in June 1975. On June 30, 1975, plaintiff was involuntarily discharged from the Navy after having been found medically fit for discharge and having been twice passed over for promotion.
Subsequent to his discharge, plaintiff obtained civilian employment with the Military Sealift Command, Atlantic (although he was found to be medically fit for duty only with a waiver),[2] and according to his statement during a Veterans Administration (VA) examination in May 1977, he "has no difficulty on his job.” Plaintiffs counsel stated during oral argument that plaintiff still holds this full-time position.
After his discharge, Lieutenant Young filed for, and in 1977 received, disability benefits from the VA. He obtained a 40 percent disability rating — 30 percent for "anxiety neurosis with depressive features, moderately severe,” and 10 percent for a 1966 operation in which malignant melanoma cells were removed from his neck. (The melanoma has not recurred.)
In December of 1977, plaintiff asked the BCNR to correct his records to show that he was unfit for service as a result of physical disability at the time of his discharge — a correction that would enable plaintiff to receive disability retirement benefits. In support of his application for correction, plaintiff relied on the findings of the VA, the opinion of his private psychiatrist (see note 1 supra) and his personal statement detailing the stressful conditions he *629 faced in Vietnam and the effect they had on him. The BCNR considered this information, and also solicited the advice of the Central Physical Evaluation Board (PEB). The PEB advisory opinion stated that plaintiff was appropriately separated from the service as unsuitable because of passive dependent personality and chronic alcoholism in remission.[3] It specifically noted that "[h]ad his case been presented to this Board, it is the Board’s judgment that he would have been found unfit for duty due to conditions not constituting physical disabilities * * (emphasis added). Taking into account all of his evidence, the BCNR declined to change plaintiffs records to reflect discharge because of physical disability.
The Board was unable to find that you were unfit for duty by reason of a physical disability when you were released from active duty, which is the prerequisite for separation or retirement by reason of physical disability.
***#*'
After careful and conscientious consideration of the entire record, the Board determined that insufficient evidence had been presented to indicate probable material error or injustice. Accordingly, your application has been denied.
Subsequent to this May 1978 action of the BCNR, Lieutenant Young brought suit in this court seeking to overturn the unfavorable ruling.
In order to successfully challenge the BCNR’s determination, plaintiff must show that it was arbitrary, capricious, incorrect as a matter of law, or not supported by substantial evidence. Dorl v. United States, 200 Ct. Cl. 626, 633, cert. denied, 414 U.S. 1032 (1973). "This court will not overturn the decision of a Correction Board without such allegations and proof.” Id. Bare allegations of arbitrariness or capriciousness such as those made in this casé are not sufficient. See, Cooper v. United States, 203 Ct. Cl. 300, 304 (1973). There is a strong presumption that the correction board *630 acted faithfully in discharging its duties, and the burden of making a showing to the contrary rests on plaintiff. Id. In the instant case, plaintiff has failed to carry this burden.
We find no indication of incorrectness as to the legal issues involved. In order for a serviceman to receive disability retirement benefits, a determination must be made that he or she was "unfit to perform the duties of his office, grade, rank, or rating because of physical disability incurred while entitled to basic pay * * 10 U.S.C. § 1201 (emphasis added.) The Physical Evaluation Board found that plaintiffs unfitness for service was a result of a passive dependent personality and chronic alcoholism in remission, and this diagnosis was supported by numerous earlier medical boards’ and psychiatrists’ diagnoses. These problems are not physical disabilities entitling Lieutenant Young to receive a disability retirement. The Navy’s Disability Evaluation Manual provides that there are certain conditions and defects which are not to be considered "ratable physical disabilities” even though they may be cause for administrative separation. Included in these conditions are alcoholism[4] and character disorders. Secnav. Instruction 1850.4, App. A § 7 (June 1977). Personality disorders (including passive dependent personality and alcoholism)
constitute inherent preexisting defects or the results thereof and warrant discharge for administrative reasons when functional usefulness is impaired thereby to such extent as to cause military unsuitability. Such conditions are to be distinguished from those considered to be physical disabilities which incapacitate an individual so as to warrant retirement or separation by reason of physical disability. [Bureau of Medicine and Surgery Instruction 1910.2G § 5 (May 1976)].
Individuals diagnosed as having a psychosis, neurosis, or organic brain disease, on the other hand, may be eligible for physical disability retirement. Id. Since plaintiff was found by the PEB and the doctor who performed his pre-discharge physical to have a personality disorder of the passive *631 dependent type rather than a psychosis, neurosis or organic brain disease, the BCNR’s decision that he was not unfit by reason of physical disability is not contrary to applicable law and regulations, and can only be overturned if that finding was arbitrary, capricious or unsupported by substantial evidence. We find no evidence of these factors herein.
Plaintiff appears to rely mainly on the alleged superficiality[5] of the BCNR’s evaluation of his medical history, particularly with respect to the difference in his condition before and after his duty in Vietnam. While there seems to be little dispute that plaintiffs alcoholism and personality disorder manifested themselves only after the 1970 Vietnam tour, this fact is not prejudicial to defendant’s case. While it may very well be that plaintiffs problems are related to his experiences in Vietnam, this does not mean that they automatically qualify plaintiff for disability retirement. Certain conditions or defects such as those plaintiff was diagnosed (by the Navy) as suffering from, have been ruled by the Navy to be excluded from the category of physical disabilities regardless of when they first occurred or whether they were caused by armed forces duty. Plaintiff does not attack these distinctions as being constitutionally or otherwise invalid, and we see no basis for invalidity. Further, even if it were required that plaintiffs conditions were shown to be pre-existing, or the result of pre-existing conditions, in order to be uncompensa-ble, we believe a showing has been made that his personality disorder and alcoholism were the result of latent preexisting defects which only became apparent under stress. There is evidence in a number of the medical reports that plaintiffs personality and drinking problems stemmed from his family relationships and what he perceived to be inadequacies of performance during childhood and early adulthood. Thus, we find no evidence of arbitrary or capricious action on the part of the BCNR with respect to *632 this allegation. Nor do we find such proof elsewhere in the record.[6]
In addition, the record discloses that there was clearly substantial, non-superficial evidence supporting the BCNR’s decision. A large part of the evidence bolsters the finding that plaintiff suffered from a personality disorder and alcoholism rather than a ratable physical disability such as a psychosis or neurosis. In the time period between 1971 and 1975, several naval psychiatrists and psychiatric services, as well as a number of medical boards reached this same diagnosis, and it was confirmed by the PEB in 1978. In addition, we are reluctant to accept plaintiffs allegations of a serious physical disability in light of the fact that, ever since his discharge from the Navy, plaintiff has held a full-time job in his area of professional competence. While there is some evidence to the effect that plaintiff did have a physical disability in the form of a neurosis (that of the VA and the plaintiffs private psychiatrist, discussed supra), this evidence does not sufficiently negate the substantial and carefully considered evidence supporting the BCNR’s position. Nor does the evidence relied on by Lieutenant Young constitute the necessary clear and convincing proof that the decision of the BCNR was arbitrary, capricious or unsupported by substantial evidence. See Dorl, supra, 200 Ct. Cl. at 633. The BCNR was justified in relying on the professional opinions of the Navy doctors and medical boards and we will not overturn the decision.
Accordingly, we grant defendant’s motion for summary judgment and deny plaintiffs. The petition is hereby dismissed.
IT IS SO ORDERED.

 Plaintiffs private psychiatrist who had seen him 35 times between 1972 and 1975 was of the opinion that while plaintiff had a personality disorder, he also had a neurosis which was partially attributable to his experiences in Vietnam.

 Plaintiff was found to be unqualified for employment with the Military Sealift Command, Pacific, after taking their employment physical.

 Lieutenant Young attacks thif‘ advisory opinion on the grounds that it incorrectly states the reasons for his discharge as unsuitability because of his personality disorder and problems with alcoholism when, in fact, plaintiff was discharged because he was passed over for promotion. We do not believe that this harmless factual error should invalidate the relevant parts of the opinion dealing with the PEB’s expert opinion on whether plaintiff had a physical disability.

 In addition to not being a ratable physical disability, plaintiffs alcoholism may be an improper ground for entitlement to disability retirement if found to be caused by his own misconduct. See, 10 U.S.C. § 1207.

 With respect to his superficiality argument plaintiff cites the PEB’s error in characterizing his discharge as being a result of unfitness for duty rather than promotion passover. For a discussion of that issue, see note 3, supra.

 Further, the cases relied on by plaintiff as precedent for finding of arbitrary and capricious action herein are readily distinguishable on their facts, as they involved situations where there was not substantial evidence supporting defendant’s determinations. See, Hendrick v. United States, 150 Ct. Cl. 437 (1960); Hutter v. United States, 170 a. Cl. 517, 345 F.2d 828 (1965).