PER CURIAM:
Plaintiff is a former United States Army Captain who was medically retired with a 40 percent disability rating on August 6, 1976. In this action, plaintiff asks this court to correct his military record to reflect a 70 percent physical disability rating, in lieu of the 40 percent rating awarded to him by the Army Physical Evaluation Board. He also seeks compensation for loss of retirement pay due to the alleged incorrect percentage. After careful consideration of the parties’ cross-motions for summary judgment, their supporting briefs and oral argument, we conclude that plaintiffs petition should be dismissed.
In March 1976, an Army medical board determined that plaintiff was physically unfit for continuing military duties. Plaintiff had suffered a gunshot wound to the right arm in 1968 while serving in Viet Nam. The wound healed satisfactorily, but he never regained full range of motion in his elbow nor any supination or pronation of his wrist. He also suffers from decreased sensation of the little and ring fingers of his right hand.
In 1973, plaintiff sustained additional injuries when he accidentally nearly amputated the index and middle fingers of his right hand with a saw. His fingers were sutured back, but plaintiff suffers from a slight decreased sensation in both finger tips and a deformed nail on the right middle finger. In May 1975, plaintiff was injured in a motorcycle accident. In December 1975, he noted increased pain in his right wrist. X-rays taken in January 1976 showed a *642 nonunion of an old fracture of the right carpal navicular (a bone in the wrist).
At the time of the Army medical board evaluation, plaintiff also complained of decreased hearing, back pain and a skin lesion. The medical board’s physical evaluation revealed full range of motion of his back with mild tenderness in the lumbar region of his spine; a full range of motion in his right shoulder; a complete absence of supination and pronation in the forearm, and mild seborrhea of the forehead. The medical board also noted three well-healed scars on his right forearm, including one showing "some tenderness to palpation in the distal portion of the scar.” The medical board recommended plaintiff be presented to the Physical Evaluation Board (PEB) for review.
The PEB gave plaintiff a combined rating of 40 percent disability, but gave no rating to the scars on his right forearm, his back pain, hearing loss, or seborrhea. Plaintiff submitted a rebuttal to the PEB’s findings, contending that his scars should be assigned a rating and reiterating his complaint of back pain, but the PEB refused to increase plaintiffs disability rating above 40 percent. Plaintiff applied to the Army Board for the Correction of Military Records (ABCMR), requesting that his disability rating be increased from 40 percent to 50 percent on the grounds that the PEB gave no rating to his scars. The ABCMR sent plaintiff s file to the Army Disability Rating Review Board (ADRRB) which found insufficient evidence to indicate probably material error in the PEB determination. The United States Army Physical Disability Agency (USAPDA) also agreed with the PEB’s rating in its report to the ABCMR dated November 20, 1977. The ABCMR denied plaintiffs request for an increased rating on December 21, 1977.
Plaintiff requested that the Veterans Administration examine his medical file and rate his disability under the VA rating schedule. The VA initially awarded him a disability rating of 50 percent. After the VA examined him, that rating was increased to 60 percent. Plaintiff petitioned the VA to include his scars in their rating, and after another examination, the VA increased the assigned rating on his back pain, but the overall 60 percent rating *643 remained in effect. Plaintiff appealed this decision and, following a hearing at which plaintiff presented additional evidence of his back pain, his overall disability rating was increased to 70 percent: Plaintiff seeks to receive that same disability rating from the Army.
Our review of a decision of the ABCMR is limited. This court will not overturn the decision of the ABCMR without proof that the decision is arbitrary, capricious, unlawful or unsupported by substantial evidence. Sanders v. United States, 219 Ct. Cl. 285, 298, 594 F.2d 804, 811 (1979); Dorl v. United States, 200 Ct. Cl., 626, 633, cert. denied, 414 U.S. 1032 (1973). Our consideration of this case thus revolves around whether the PEB’s decision not to assign a disability rating to his back pain and scars is supported by substantial evidence and correct as a matter of law, and whether plaintiff was deprived of his right to notice and an opportunity to be heard at any juncture in the Army’s determination process. We first turn to the issue of the disability rating.
Defendant argues that plaintiff has offered no evidence that he is entitled to a higher rating other than the fact that the VA assigned a specific percentage rating to both his back pain and one of the scars on his right forearm. Defendant is correct that the ABCMR has "no duty to defer to the conclusion reached by the Veterans Administration if there was substantial evidence before the Board to the contrary.” Hutter v. United States, 170 Ct. Cl. 517, 522, 345 F.2d 828 (1965); Mackey v. United States, 135 Ct. Cl. 411, 415 (1956).
The PEB’s decision not to rate the back pain and the scar is entirely reasonable in light of findings of the medical board and other evidence in the record. The medical board noted the existence of three well-healed scars on plaintiffs right forearm, only one demonstrating "some tenderness” to the touch. Further evidence in the record indicates that plaintiff participated in karate and parachuting activities after sustaining the wound to his right forearm and that he never sought medical attention for the scars.
Regarding plaintiffs back pain, the medical board noted that a physical examination showed "full range of motion with mild tenderness in the lumbar region of his spine.” *644 The USAPDA recommended that plaintiffs back condition be given a 0 percent rating because x-rays indicated no significant abnormalities. The record contains no objective evidence that plaintiffs back is injured. We also note that, although the VA did increase plaintiffs rating on the basis of back injury, it did not do so retroactively, thus indicating that the higher rating was awarded for a worsening of his back pain subsequent to his retirement from the Army. Accordingly, we conclude that the ABCMR was clearly not acting arbitrarily or contrary to the evidence in the records in upholding the PEB’s ratings for plaintiffs back pain and right forearm scars.
The second issue raised by the parties’ cross-motions is whether plaintiff was denied his right to notice and an opportunity to be heard. Plaintiff argues that Army Regulation (AR) 635-40 para. 3.7(d) (1975) requires that he be given "notice of the matter presented” to the United States Army Disability Review Board and "an opportunity to submit a statement or other evidence in rebuttal.” We find, however, that plaintiff misreads the regulation. AR 635-40 para. 3.7(d) ' refers to situations where the individual concerned, his legal representative, or "any cognizant authority of the Department of the Army” files a petition with the ADRRB seeking a modification or amendment of retirement order to correct a physical disability percentage rating. In this case, no petition was filed with the ADRRB; no request for relief from the retirement order was made. The ABCMR simply sought advice and comment from the ADRRB on the correctness of the PEB’s rating determinations. Such advisory opinions are clearly within the authority of the ABCMR and no hearing is required when that is done. See Armstrong v. United States, 205 Ct. Cl. 754, 764 (1974); 32 C.F.R. §§ 581.3(f)(1)(i)(b), 581.3(h)(ii) (1980). It follows that plaintiffs contention that procedural due process requires he be afforded an opportunity to be heard is without merit. Flute v. United States, 210 Ct. Cl. 34, 40-41, 535 F.2d 624, 627-28 (1976).
It is therefore ordered that defendant’s motion for summary judgment is granted, plaintiffs cross-motion for summary judgment is denied, and the petition is dismissed.