**Don B. EDISON, et al., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 342–87C.**

United States Claims Court.

Oct. 25, 1989.

Penrose Lucas Albright, Arlington, Va., for plaintiff.

John S. Groat, Washington, D.C., with whom was Acting Asst. Atty. Gen., Stuart E. Schiffer, for defendant. Major Robert McFetridge, Dept. of the Army, of counsel.

## ORDER

MOODY R. TIDWELL, III, Judge:

This action is before the court on cross motions for summary judgment. At issue is whether plaintiff's discharge from enrollment in Reserve Army components upon their enrollment in the Naval Academy should be set aside and plaintiffs receive additional longevity pay.

## FACTS

Plaintiffs, Lieutenant Colonel Edison, Major Slyder, Captain Polski, and Captain Gamboa, were enlisted members of Army Reserve components in the early 1950s. Between January 1, 1953, and June 25, 1956, they were all appointed to the United States Naval Academy as midshipmen. Upon their appointments to the Naval Academy, each plaintiff was discharged from his Army Reserve component. Each plaintiff, except Lieutenant Colonel Edison, subsequently graduated from the Naval Academy. Lieutenant Colonel Edison, on the other hand, left the Naval Academy after approximately two and one-half years to attend Georgetown University where he was in the ROTC. Thereafter, he completed college and was appointed a second lieutenant in the U.S. Army Reserve. All the plaintiffs have, subsequent to their appointments as officers, served on active duty in various Armed Forces of the United States.

Many other Reservists of different Reserve components of the Armed Forces, other than Army Reserve components, were also discharged upon appointment to the Naval Academy as midshipmen during the same era. However, for those who were appointed to the Naval Academy during the period from January 1, 1953, through June 25, 1956, the Board for Correction of Naval Records and the Air Force Board for Correction of Military Records determined that such discharges were incorrect, and changed their Reserve records in accordance with 10 U.S.C. § 1552 (1982) to reflect a continued reserve status until their dates of appointment as officers in the Armed Forces. As reflected in a Board for Correction of Naval Records case on a similar petition, and as admitted by defendant, this type of timely administrative corrective action was taken in approximately two hundred other cases involving enlisted Naval personnel. Furthermore, the Air Force Board for Correction of Military Records had recommended similar corrective action where a petitioner had previously served and been discharged from the Air Force Reserve upon entering the Naval Academy.

The parties have cross-moved for summary judgment. These motions center on the discrepancy in action taken by the Army Board for Correction of Military Records in denying plaintiffs similar corrective action in receiving back pay, in comparison with the corrective actions taken by the Board for Correction of Naval Records and the Air Force Board for Correction of Military Records as indicated above.

## DISCUSSION

Summary judgment is appropriate when there are no genuine issues of material fact in dispute and the moving party is entitled to judgment as a matter of law. RUSCC 56(c). A genuine issue of material fact is present if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A fact is material only if it could affect the outcome of the suit, and its materiality is determined by the substantive law applicable to the case. *Id.* The court finds, and the parties agree, that there are no material facts in dispute and that this case is ripe for disposition by way of summary judgment.

■ The critical issue in dispute is whether the Army Board for Correction of Military Records acted in an improper manner by depriving plaintiffs of their longevity pay. In reviewing this matter, the court will not set aside the prior agency decision

denying plaintiffs' claim, *Don B. Edison,* ABCMR AC84–00742, Index No. 110.01 (Oct. 24, 1984), unless that decision is found to be "arbitrary, capricious, an abuse of discretion, unsupported by substantial evidence, not in substantial compliance with procedural requirements, or otherwise contrary to law." *Foote Mineral Co. v. United States,* 654 F.2d 81, 85, 228 Ct.Cl. 230 (1981) (citations omitted).

■ The statute governing the correction of military records states:

The Secretary of a military department, under procedures established by him and approved by the Secretary of Defense, and acting through boards of civilians of the executive part of that military department, *may* correct any military record of that department when he considers it necessary to correct an error or remove an injustice.... Except when procured by fraud, a correction under this section is final and conclusive on all officers of the United States.

10 U.S.C. § 1552(a) (1982) (emphasis added). On its face, this statute's use of the word "may" clearly grants general discretion in correcting military records. In addition, general discretion is further evidenced by the fact that hearings are not required by statute, but instead are left to the complete discretion of the board of military records. *Flute v. United States,* 535 F.2d 624, 628, 210 Ct.Cl. 34 (1976). If a hearing is granted, the Secretary has additional discretion to determine the scope of the hearing's review. *Id.* Thus, it is evident that some independent discretion is granted to each military branch's secretary in the correction of records and in the determination of the scope of review.

■ Plaintiff nonetheless has argued that 10 U.S.C. § 277 bars discriminatory or non-uniform actions among the various services, i.e., Army, Navy, Air Force. Therefore, because the Navy and Air Force boards took corrective action and changed the reserve records of its members to a continued reserve status up to the dates of their appointments as officers in the Armed Forces, plaintiff believes that 10 U.S.C. § 277 would mandate that the Army take

similar action. This court, however, does not agree with the plaintiffs' interpretation. Section 277 states: "Laws applying to both Regulars and Reserves shall be administered without discrimination—(1) among Regulars; (2) among Reserves; and (3) between Regulars and Reserves." 10 U.S.C. § 277 (1982). This statute does provide for general uniform treatment for military personnel. However, it does not require that regulations established by the respective secretaries of boards for correction of military records be identical. *Flute,* 535 F.2d at 629; *see Winters v. United States,* 412 F.2d 140, 144 (9th Cir.), *cert. denied,* 396 U.S. 920, 90 S.Ct. 248, 24 L.Ed.2d 200 (1969) (where 10 U.S.C. § 277 did not forbid the Marine Corps from requiring one hundred percent attendance at its reservists drills although reservists in other branches of the armed forces were required to attend only ninety percent of the reserve drills). Military tribunals must be accorded reasonable scope for the exercise of independent judgment. *Flute,* 535 F.2d at 627. Therefore, plaintiffs' contention that the Army Board for Correction of Military Records must follow or be bound by the decisions of the Navy and Air Force Boards for Corrections of Military Records is without legal foundation.

■ Finally, plaintiffs have not shown that the prior Board decision was arbitrary, capricious, an abuse of discretion, or unsupported by substantial evidence, nor that the agency failed to comply with its own regulations. *Foote,* 654 F.2d at 85; *Dorl v. United States,* 200 Ct.Cl. 626, *cert. denied,* 414 U.S. 1032, 94 S.Ct. 461, 38 L.Ed.2d 323 (1973). Therefore, the decision of the Army Correction Board will not be disturbed by this court.

## CONCLUSION

Plaintiffs' attempt to construe the language of 10 U.S.C. § 277 (1982) as to require longevity back pay as a result of other military correction boards granting such backpay to their respective members is without merit. In light of 10 U.S.C. § 1552 and previous case law maintaining each military board of corrections' discre-

 

tion, the court finds it proper to give deference to the Army Board for Correction of Military Records' decision in the present case. In addition, plaintiff has failed to establish that the Army Board of Correction's decision was arbitrary, capricious, an abuse of discretion, or contrary to law or regulation. Accordingly, the court affirms the Board's decision, denies plaintiffs' motion for summary judgment, and grants defendant's motion for summary judgment.

The clerk is directed to enter judgment dismissing the complaint. No costs.

IT IS SO ORDERED.