# United States Court of Appeals for the Federal Circuit

---

**NANCY MELENDEZ CAMILO,**

*Plaintiff-Appellant,*

**v.**

**UNITED STATES,**

*Defendant-Appellee.*

---

2010-5069

---

Appeal from the United States Court of Federal Claims in case no. 09-CV-183, Judge Charles Lettow.

---

Decided: April 29, 2011

---

MICHAEL D.J. EISENBERG, Law Office of Michael D.J. Eisenberg, of Washington, DC, arguerd for plaintiff-appellant.

JESSICA R. TOPLIN, Trial Attorney, Commercial Litigation Branch, United States Department of Justice, of Washington, DC, argued for defendant-appellee. With her on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and DONALD E. KINNER, Assistant Director.

---

Before NEWMAN, CLEVENGER, and LINN, *Circuit Judges*.

CLEVENGER, *Circuit Judge*.

Nancy Melendez Camilo ("Ms. Melendez Camilo") appeals the judgment of the Court of Federal Claims granting the government's motion for judgment upon the administrative record on the grounds that Ms. Melendez Camilo failed to present substantial evidence that the Air Force Board for Correction of Military Records ("Correction Board") was prejudiced against her, or that its decision denying her request for correction of her military records was otherwise arbitrary and capricious. *Melendez Camilo v. United States*, 89 Fed. Cl. 671 (2009). Because the Court of Federal Claims correctly granted the government's motion, we affirm.

I

Ms. Melendez Camilo commenced active duty military service in the United States Air Force ("USAF") on March 18, 1979. On October 5, 1981, she was promoted to the rank of captain. In 1987 and again in 1988, Ms. Melendez Camilo was considered but not selected for promotion to the rank of major. As a result of her failure to be selected for promotion in 1987 and 1988, the USAF discharged Ms. Melendez Camilo from active duty on January 31, 1989,[1] and assigned her to the Inactive Status List Reserve Section, effective on February 1 of that year.

On March 12, 1988, Ms. Melendez Camilo applied to the Correction Board requesting that it remove from her

---

[1] A captain or major of the USAF who twice fails selection for promotion to the next higher grade and whose name does not appear on a list of officers recommended for promotion to the next higher grade is either discharged or, if she is eligible for retirement, involuntarily retired. *See* 10 U.S.C. § 632.

records the Officer Effectiveness Report ("OER") for the period from June 16, 1984 through January 31, 1985. Ms. Melendez Camilo contended that her failure to be selected for promotion to the rank of major was due to the OER (the "contested OER"). More specifically, she contended that the contested OER did not "reflect an accurate assessment of her job performance and officer potential during th[e] period." While the contested OER was otherwise positive, the rater and endorser awarded Ms. Melendez Camilo a three in evaluation of potential, because she was rated below standard in planning and organizing work. The low rating for planning and organizing work was apparently due to confusion over whether Ms. Melendez Camilo, as squadron section commander, or a first sergeant, bore responsibility for correcting seriously disorganized orderly room administrative areas. Ms. Melendez Camilo had briefed the squadron commander on the need to resolve the matter, but the squadron commander took no action to clarify the relevant responsibilities. Ms. Melendez Camilo's squadron commander supported her request to void the contested OER, concluding that the situation that led to the low rating for planning and organizing work was beyond Ms. Melendez Camilo's control, and therefore not a sound basis for her substandard rating. The Correction Board agreed and recommended, inter alia, that the Deputy for Air Force Review Boards ("Deputy") void the contested OER and remove it from Ms. Melendez Camilo's records.

On June 9, 1989, after Ms. Melendez Camilo had separated from active duty, the Deputy accepted the Correction Board's recommendation to void the contested OER and remove it from her records, as well as consider her for promotion to major by a Special Selection Board ("SSB"). The SSB met to reconsider Ms. Melendez

Camilo's records in November 1989 and did not select her for promotion to major.

After Ms. Melendez Camilo had filed several requests for reconsideration with the Correction Board seeking a direct promotion to the rank of major, the Correction Board concluded that she had presented sufficient evidence of error and recommended partial relief. Specifically, the Correction Board recommended that Ms. Melendez Camilo's records be corrected to reflect that: (a) she was tendered a Regular USAF appointment and, upon Senate confirmation, she accepted the appointment, effective December 18, 1985; (b) she was considered and selected for promotion to the grade of major by the Calendar Year 1987 Central Major Selection Board and, upon Senate confirmation, she was given an appropriate effective date and rank; (c) the OER rendered for the period of December 18, 1986 through December 17, 1987 be declared void and removed from her records;[2] and (d) she was not released from extended active duty on January 31, 1989, but continued on extended active duty and was ordered a Permanent Change of Station to her home of record. Further, the Correction Board recommended: "if [Ms. Melendez Camilo] was considered and nonselected for promotion to the grade of lieutenant colonel by a regularly scheduled promotion board prior to receiving two current Officer Performance Reports in the grade of major, her nonselection(s) be declared void."

―――――――――――――

[2] In making its recommendation, the Correction Board noted that the contested OER, which "place[d] [Ms. Melendez Camilo] in the bottom 5% of her peers, did have an effect on subsequent [OERs]." More specifically, the contested OER "hindered" Ms. Melendez Camilo's job opportunities and endorsement levels on subsequent OERs and, in particular, the OER bearing December 17, 1987 as its closing date.

On May 15, 1995, the Deputy accepted the Correction Board's recommendation. On August 15, 1995, the USAF reinstated Ms. Melendez Camilo to active duty and promoted her to major, with a date of rank of September 1, 1988.

Upon returning to active duty, Ms. Melendez Camilo was assigned to Langley Air Force Base in Virginia where she worked as Chief of Communications and Information Manpower Organization. She received one Officer Performance Report ("OPR") while in this position—her first OPR as a major.

For her next assignment, Ms. Melendez Camilo worked at Air Force Reserve Officers' Training Corps ("AFROTC") Detachment 755 in San Juan, Puerto Rico as Assistant Professor of Aerospace Studies. During this assignment, Ms. Melendez Camilo discovered and reported violations of AFROTC standards committed by leadership of the detachment, including her commander, which resulted in those implicated in wrongdoing being relieved of their duties. Prior to his removal, Ms. Melendez Camilo's detachment commander, Lieutenant Colonel Ramos, wrote two of her OPRs (the "Ramos OPRs"), one of which was the second OPR she received as a major. While still at this assignment, after having received two OPRs at the rank of major, Ms. Melendez Camilo was considered but not selected for promotion to the rank of lieutenant colonel.

Ms. Melendez Camilo's final active duty assignment in the USAF was at Maxwell Air Force Base in Alabama where she worked as Director of Information Management. During her time at Maxwell, Ms. Melendez Camilo was considered but not selected for promotion to lieutenant colonel once in 2000 and once again in 2001.

On February 22, 2002, Ms. Melendez Camilo applied to the Correction Board for relief, specifically seeking a direct promotion to the rank of lieutenant colonel on the primary ground that her seven-year break in service denied her the opportunity to develop a record of performance which would support her promotion. Ms. Melendez Camilo also raised the fact that Lieutenant Colonel Ramos at AFROTC prepared her second eligible OPR as a major before she met with the promotion board and "[n]ot surprisingly, given [Lieutenant Colonel Ramos's] hostility towards [her]," she was nonselected for promotion.

After consideration, the Correction Board concluded that Ms. Melendez Camilo had not presented sufficient evidence of material error or injustice. The Correction Board explained that its prior recommendations, specifically those implemented based upon its decision of May 15, 1995, had provided Ms. Melendez Camilo with "an opportunity to compete for promotion on a fair and equitable basis." The Correction Board observed that "[p]romotion to the grade of lieutenant colonel is very competitive," and "officers must compete for promotion under the whole person concept whereby many factors are carefully assessed by selection boards." In effect, the Correction Board denied relief because Ms. Melendez Camilo failed to provide persuasive evidence that she would have been selected for promotion to lieutenant colonel but for the interruption of her career.

On March 31, 2003, Ms. Melendez Camilo was involuntarily retired from the USAF for failure to be selected for promotion to lieutenant colonel. *See* 10 U.S.C. § 632. At the time of her retirement, she had served 25 years, 7 months, and 9 days in the USAF.

Ms. Melendez Camilo filed a complaint with the Court of Federal Claims on March 24, 2009, in which she

averred that her retirement from the USAF and the Correction Board's decision to deny her request for correction of her records and immediate promotion to the grade of lieutenant colonel were arbitrary and capricious. The government moved for judgment on the administrative record. In opposing the government's motion, Ms. Melendez Camilo contended that the Correction Board was "prejudiced against her because of her time of leave from the military" when it issued its decision denying her relief.

The Court of Federal Claims granted the government's motion, finding that the Correction Board thoroughly considered Ms. Melendez Camilo's break in service. The Court of Federal Claims further concluded that Ms. Melendez Camilo failed to present substantial evidence that the Correction Board was prejudiced against her, or that its decision was otherwise arbitrary and capricious. Ms. Melendez Camilo timely appealed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

## II

This court reviews the trial court's determination on the legal issue of the government's conduct, in a grant of judgment upon the administrative record, without deference, applying the same standard of review that the Court of Federal Claims applied. *Barnes v. United States*, 473 F.3d 1356, 1361 (Fed. Cir. 2007) (citing *Chambers v. United States*, 417 F.3d 1218, 1227 (Fed. Cir. 2005)). Accordingly, the scope of our review for challenges to military correction board decisions is "'limited to determining whether a decision of the Correction Board is arbitrary, capricious, unsupported by substantial evidence, or contrary to applicable statutes and regulations.'" *Heisig v. United States*, 719 F.2d 1153, 1156 (Fed. Cir. 1983) (quoting *de Cicco v. United States*, 677 F.2d 66, 70

(Ct. Cl. 1982)). We will not reverse the trial court's legal conclusions unless incorrect as a matter of law, and will not disturb its factual findings unless clearly erroneous. *Id.* at 1158.

## III

As this court has noted before, "when a military officer is involuntarily separated from active duty, or mandatorily retired, for twice failing to be selected for promotion, [s]he may apply for relief, pursuant to 10 U.S.C. § 1552(a), to the appropriate correction board." *Roth v. United States*, 378 F.3d 1371, 1381 (Fed. Cir. 2004). A correction board is made up of civilians, through which the Secretary of a military department "may correct any military record . . . when the Secretary considers it necessary to correct an error or remove an injustice." 10 U.S.C. § 1552(a)(1).

When an officer presents the Correction Board with an application for relief, the Correction Board must determine "whether the applicant has demonstrated the existence of a material error or injustice that can be remedied effectively through correction of the applicant's military record and, if so, what corrections are needed to provide full and effective relief." 32 C.F.R. § 865.4(h)(4). "When a correction board fails to correct an injustice clearly presented in the record before it, it is acting in violation of its mandate." *Roth*, 378 F.3d at 1381 (quoting *Yee v. United States*, 206 Ct. Cl. 388, 512 F.2d 1383, 1387 (1975)).

Before this court, Ms. Melendez Camilo repeats her argument that the Correction Board failed to account for the prejudice against her promotion chances due to the seven-year gap in her service, but describes as the "crux" of her argument prejudice she associates with the Ramos OPRs. Ms. Melendez Camilo argues that the lack of any

specific findings by the Correction Board regarding the effect of the Ramos OPRs demonstrates that the Correction Board "entirely failed to consider an important aspect of the problem" and correct an injustice she presented. We disagree.

Ms. Melendez Camilo raised the issue of the Ramos OPRs with both the Correction Board and the Court of Federal Claims.[3] The issue, therefore, is properly before this court. We understand Ms. Melendez Camilo's argument regarding the Ramos OPRs, but find it unpersuasive. We presume that actions taken by the Correction Board are valid, and the burden is upon the complainant to show otherwise. *Cooper v. United States*, 203 Ct. Cl. 300, 304 (1973). We further presume that the Correction Board performed its function according to the regulations and considered all of Ms. Melendez Camilo's records. *See Armstrong v. United States*, 205 Ct. Cl. 754, 756 (1974); *see also Plant Genetic Sys., N.V. v. DeKalb Genetics Corp.*, 315 F.3d 1335, 1343 (Fed. Cir. 2003) ("We presume that a fact finder reviews all the evidence presented unless he explicitly expresses otherwise."). In other words, an administrative board's or trial court's failure to mention

---

[3] In her statement to the Correction Board, Ms. Melendez Camilo discussed her whistleblowing activities at AFROTC that resulted in Lieutenant Colonel Ramos's removal. She also noted that Lieutenant Colonel Ramos prepared her 1998 OPR prior to his removal, and that the 1998 OPR was her second OPR as a major, making her eligible to meet the lieutenant colonel's promotion board. Ms. Melendez Camilo further explained to the Correction Board, "[n]ot surprisingly, given [Lieutenant Colonel Ramos's] hostility towards me, I was then nonselected for promotion to Lieutenant Colonel in March 1999." The Correction Board recognized the issue in the part of its decision discussing and relying on the Air Force Personnel Center evaluation.

specific evidence does not mean, as Ms. Melendez Camilo contends, that it failed to consider that evidence. *See FMC Corp. v. Hennessy Indus., Inc.*, 836 F.2d 521, 524 (Fed. Cir. 1987). Thus, the Correction Board's failure to specifically mention the Ramos OPRs in its decision does not mean that it failed to consider them.

In the present case, the Correction Board reached its decision after it thoroughly reviewed Ms. Melendez Camilo's complete submission, which included the Ramos OPRs and her arguments regarding their impact on her promotion, and noted her contentions. Further, the Correction Board relied on the recommendation of the Air Force Personnel Center which, as Ms. Melendez Camilo points out in her reply brief, specifically mentioned that Lieutenant Colonel Ramos, upon whom she blew the whistle, wrote her second OPR as a major. It is clear that the Ramos OPRs were before the Correction Board. The fact that the Correction Board did not specifically discuss the Ramos OPRs or their alleged impact on Ms. Melendez Camilo's promotion is insufficient to overcome the presumption that the Correction Board considered the evidence and Ms. Melendez Camilo points to nothing in the record to the contrary.[4]

---

[4] The overwhelming majority of Ms. Melendez Camilo's submissions to the Correction Board related to her seven-year gap in service. Indeed, although Ms. Melendez Camilo submitted an expanded statement, talking papers, questions and answers, letters from her senior raters and all of her OPRs, she devoted only one paragraph to her discussion of the Ramos OPRs. That paragraph implied but did not explicitly state a connection between the Ramos OPRs and her nonselection to lieutenant colonel. Given the amount of evidence and argument Ms. Melendez Camilo presented regarding her gap in service, it is not surprising that the Correction Board's decision predominantly focuses on that issue and

The Ramos OPRs contained only positive comments in great volume, describing Ms. Melendez Camilo as: "Top manager," "Outstanding leader[]," "Innovator," "Exceptionally efficient," "Excellent teaching skills," "Dedicated officer," and "Instrumental in the reorganization of the new temporary facility." All that is missing from the Ramos OPRs to make them even more positive is a "promote now" recommendation. While Ms. Melendez Camilo makes much of the fact that the Ramos OPRs do not include the "promote now" language, which she contends is required for a promotion to the next rank, the record evidence shows that none of the OPRs she received after her reinstatement to active duty (from 1996 through 2001) contain the "promote now" language that she claims is necessary for advancement. Even Ms. Melendez Camilo's senior raters, who wrote letters on her behalf to the Correction Board, stated that they could not give her a "definitely promote" or "promote now" recommendation due to her seven-year break in service. According to one rater, giving Ms. Melendez Camilo a "definitely promote" recommendation "would have been unfair to the other officers in her year group who are under my command who have stronger records." Thus, the absence of a "promote now" recommendation in the Ramos OPRs is consistent with the positive recommendations that Ms. Melendez Camilo's other raters provided and insufficient to demonstrate prejudice against her. Accordingly, Ms. Melendez Camilo has failed to meet her burden of showing that the Correction Board's decision was arbitrary and capricious or in violation of its mandate.

---

does not discuss in detail Ms. Melendez Camilo's contentions regarding the Ramos OPRs.

## IV

For the foregoing reasons, we affirm the judgment of the Court of Federal Claims.

**AFFIRMED**

COSTS

No costs.