NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**GEORGE BALDWIN HUTCHINSON, JR.,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

_____

2024-1269

_____

Appeal from the United States Court of Federal Claims in No. 1:20-cv-00895-ZNS, Judge Zachary N. Somers.

_____

Decided: June 6, 2025

_____

GEORGE HUTCHINSON, JR., Lithia Springs, GA, pro se.

NATALEE A. ALLENBAUGH, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by BRIAN M. BOYNTON, PATRICIA M. MCCARTHY, DOUGLAS K. MICKLE.

_____

PER CURIAM

George Baldwin Hutchinson, Jr., appeals pro se from a decision of the Court of Federal Claims ("Claims Court") upholding a decision of the Army Board for Correction of Military Records ("ABCMR") denying various claims for compensation in connection with Mr. Hutchinson's service in the Army. We *affirm*.

BACKGROUND

Mr. Hutchinson joined the Army in 1994 as a Signal Support Systems Specialist and was commissioned as a Second Lieutenant in the Reserve Component in 2004. In April 2015, the Army determined that Mr. Hutchinson was unfit for continued service and that he qualified for a 70% disability rating for PTSD. The Physical Evaluation Board subsequently recommended that Mr. Hutchinson be placed on Temporary Disability Retirement List: He retired effective July 15, 2015, after 19 years, 3 months, and 27 days of service.

In October 2015, a Promotion Selection Board recommended Mr. Hutchinson for promotion to the rank of Major. In November 2015, the Army granted Mr. Hutchinson Combat Related Special Compensation for PTSD at a rating of 70%, which was later lowered to 50% after the Department of Veterans Affairs ("VA") adjusted Mr. Hutchinson's PTSD disability rating to 50%. In August 2019, the Army removed Mr. Hutchinson from the Temporary Disability Retirement List and permanently, medically retired him with a 70% disability rating. During this process, he apparently received a certificate of retirement indicating a rank as Major, although the official military order documenting his removal from the

Temporary Disability Retirement List noted his rank as Captain. *Compare* S. App'x 68, *with* S. App'x 117.[1]

In August 2021, the ABCMR recommended that Mr. Hutchinson's military records be corrected to reflect a retirement rank of Major, effective September 25, 2015 (the date the President signed the promotion selection list). After the ABCMR denied additional relief, Mr. Hutchinson filed a complaint in the Claims Court, seeking additional compensation on a variety of grounds.

On November 30, 2023, the Claims Court granted the Army's motion for judgment on the administrative record. Mr. Hutchinson subsequently filed this timely appeal. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

## DISCUSSION

We review a decision of the Claims Court granting or denying a motion for judgment on the administrative record without deference, applying the same standard of review as the Claims Court. *Barnick v. United States*, 591 F.3d 1372, 1377 (Fed. Cir. 2010). We review the Claims Court's findings of fact for clear error. *Melendez Camilo v. United States*, 642 F.3d 1040, 1044 (Fed. Cir. 2011). On appeal, Mr. Hutchinson raises several arguments, some of which he admitted were moot at the ABCMR level. His primary four arguments are as follows.

First, Mr. Hutchinson argues that his Combat Related Special Compensation should be based on the Army's disability rating rather than the VA's. Combat Related Special Compensation is calculated using a servicemember's VA disability rating. *See* DOD Financial Management Regulation Vol. 7B, Chap. 63 §§ 8.1, 8.2, 8.5.

---

[1]    Citations to "S. App'x" are to the Government's informal supplemental appendix.

Because Mr. Hutchinson does not dispute that his VA rating for PTSD is 50%, he was not entitled to a calculation at the 70% rate.

Second, Mr. Hutchinson argues the Claims Court and ABCMR erred in determining that Mr. Hutchinson is ineligible for Concurrent Retirement and Disability Pay. The statute authorizing Concurrent Retirement and Disability Pay expressly provides that servicemembers retired due to permanent disability with less than 20 years of service are ineligible for Concurrent Retirement and Disability Pay. 10 U.S.C. § 1414(b)(2). While the parties disagree as to the precise length of Mr. Hutchinson's service, neither asserts that his period of creditable time was 20 years or more. *Compare* S. App'x 107 *with* S. App'x 386.

Third, Mr. Hutchinson argues that he is entitled to backdating of retirement benefits at the rank of Major before the date his promotion was approved by the President. He is not eligible for benefits at the rank of Major before the date his promotion was signed by the President, and we lack the authority to retroactively promote him to a rank for which he had not previously been duly appointed. *Dysart v. United States*, 369 F.3d 1303, 1317 (Fed. Cir. 2004).

Fourth, Mr. Hutchinson argues that 10 U.S.C. § 1372 entitles him to further retroactive promotion and benefits. Mr. Hutchinson fails to identify any support in the record for the proposition that he was actually and lawfully promoted to any higher position, a requirement for receipt of benefits at a higher rank. *See Campbell v. United States*, 2022 WL 2824674, at *2 (Fed. Cir. July 20, 2022).

CONCLUSION

We have considered Mr. Hutchinson's remaining arguments and find them unpersuasive. For the foregoing reasons, the judgment of the Claims Court is *affirmed*.

**AFFIRMED**

COSTS

No costs.